**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) ASHVINKUMAR PATEL, | ) | |
| 2) KAMUBEN PATEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  16-CV-415-SPS |
| | ) | |
| 1) ARVINDBHAI C. PATEL, | ) | |
| 2) NAYANABEN PATEL, | ) | |
| 3) SAI, LLC, | ) | |
| 4) ANK, LLC | ) | |
| 5) RAJENDRA K. PATEL | ) | |
| 6) MINA PATEL | ) | |
| 7) DURANT HOSPITALITY, INC. | ) | |
| 8) PREMIER HOSPITALITY | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

1.     Plaintiffs, Ashvinkumar Patel and Kamuben Patel, ("Plaintiffs"), hereby submit this Complaint (the "Complaint"), and allege the following based upon their personal knowledge and upon information and belief as to all other matters.

## INTRODUCTION

2.     This is an action brought by Plaintiffs against defendants Arvindbhai C. Patel, and Nayanaben Patel ("A&N Patel"), SAI, LLC ("SAI"), ANK, LLC ("ANK"), Rajendra K. Patel and Mina Patel ("R&M Patel"), Durant Hospitality, Inc. ("Durant") and Premier Hospitality Management, Inc. ("Premier" and collectively "Defendants") for civil conspiracy, fraud, breach of

1

contract, accounting and for intentional and reckless breaches of fiduciary duty owed to the Plaintiffs and to SAI's members since 2008 through the present (hereafter "the time period").

3.      Plaintiffs did not discover that the Defendants were engaged in such unlawful activities against them until at least December of 2012, at the earliest. However, much of the information regarding the Defendants' acts and the depth of their misdeeds is still unknown to the Plaintiffs to the present. The Defendants are in possession of all documents, records, bank statements and other relevant information and have refused to provide such documents and information to the Plaintiffs. In this regard, the Defendants have wrongfully concealed material facts relating to their wrongdoing, and their concealment prevented the Plaintiffs' discovery of the nature and extent of their actions.

## JURISDICTION AND VENUE

4.      This RICO/derivative action is brought pursuant to the civil provisions of Chapter 96 of Title 18, United States Code, codified at 18 U.S.C. §§1961 through 1968, entitled Racketeer Influenced and Corrupt Organizations ("RICO"), that authorizes individuals to sue for civil remedies for their damages. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 18 U.S.C. §1964. Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(c)(1) because all individual Defendants reside in this district and (c)(2) because SAI, ANK, Durant and Premier have their principal places of business are within this district and are subject to this Court's personal jurisdiction.

## PARTIES

6.      Plaintiffs A&K Patel are citizens of Texas. Defendants A&N Patel and R&M Patel are citizens of Oklahoma. Defendants SAI and ANK are Oklahoma limited liability companies and their principal places of business are located in Oklahoma. Defendants Durant and Hospitality are Oklahoma corporations and their principal places of business are located in Oklahoma.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7.      In all relevant times, Defendants acted in concert with each other in order to further their scheme to defraud the Plaintiffs. Defendants conspired and colluded together for their own personal gain and to the Plaintiffs' detriment and the detriment of the domestic limited liability company, SAI, of which Plaintiffs are co-owners

8.      In August and September of 2008, the Plaintiffs and A&N Patel discussed the possibility of purchasing the Durant Days Inn Hotel, located at 2121 W. Main St., Durant, OK 74701, from R&M Patel and Durant/Hospitality (the "Hotel"). Eventually, the Parties agreed to the purchase/sale of the Hotel for the purchase price of $3M, $500,000 of the purchase was to be in cash and the balance ($2,500,000 was to be financed by a promissory note and mortgage on the Hotel. (*See*, Assignment and Assumption Agreement ("Assignment Agreement") and Real Estate Purchase Contract ("Purchase Contract"), Promissory Note ("Note") and Mortgage Agreement ("Mortgage"), attached hereto as Exhibits A, B, C and D, respectively, and incorporated herein by reference).

9.      On or about September 13, 2008, the Plaintiffs traveled to Durant, OK from their home in Arlington, TX and met with the Defendants to finalize the purchase of the Hotel. This purchase took place in R&M Patel's home in Durant, OK. As a down payment, the Plaintiffs paid to

R&M Patel and Durant/Hospitality $250,000.00 in cash at this meeting. The remaining balance was financed with the Note and Mortgage, which would be executed later.

10.     Thereafter, the Plaintiffs contributed another $50,000.00 to R&M Patel and Durant/Hospitality.

11.     By its very nature, the Hotel was engaged in interstate commerce. At the time of its purchase, the Hotel bore the franchise name of "Days Inn," a company with its corporate headquarters in Parsippany-Troy Hills, NJ. Reservations to the Hotel came from all parts of the country and could be made online through the Days Inn reservation system. The Hotel was responsible to make regular franchise fee payments to the Days Inn corporate office in New Jersey, in order for it to maintain its franchise designation.

12.     The Hotel was to be owned and managed by SAI, the limited liability company that was to be formed together by the Plaintiffs and Defendants A&N Patel.

13.     In furtherance of this arrangement, the Plaintiffs and A&M Patel created SAI on or about March 2, 2009. (*See*, Certificate of Limited Liability Company for SAI, LLC ("Certificate"), attached hereto as Exhibit E, and incorporated herein by reference). Thereafter, on or about September 16, 2009, the Plaintiffs and A&M Patel executed an Operating Agreement for the governance of SAI. Pursuant to their Agreement, the Plaintiffs were to retain 49% of the ownership of SAI. A&N Patel were to own 51% of SAI. (See, Operating Agreement ("Operating Agreement"), attached hereto as Exhibit F, and incorporated herein by reference).

14.     Additionally, A&N Patel were appointed as the managers of SAI. As such, they had a duty to manage SAI in good faith, for the benefit of the company as a whole, according to 18 O.S. § 2016. (*See*, Article 3 and, Sections 3.01 and 3.04 of the Operating Agreement).

4

15.     Instead of complying with their duty, A&N Patel and the other Defendants conspired together to embezzle funds from SAI and jeopardize SAI's financial standing in order to defraud the Plaintiffs out of their ownership interest in the Hotel. The Defendants regularly treated the Hotel as their own personal bank account, giving company money to themselves, their own personal creditors and their friends and family members.

16.     The Defendants together committed many fraudulent acts and breaches of duty in their management of the Hotel, including:

      a.   Embezzling and diverting Hotel funds to their own personal bank accounts,

      b.   Paying their own personal expenses with Hotel funds (including paying their children's private school tuition from company funds),

      c.   Giving large sums of Hotel money away to friends, family and other associates,

      d.   Diverting Hotel supplies and resources for use in other businesses owned by the Defendants,

      e.   Defendants' false and fraudulent tax returns for the Hotel, which they filed with the Internal Revenue Service, and

      f.   Failing to pay for the Hotel's franchise fee with Days Inn Hotels and thereby losing the Days Inn franchise label. This fact was particularly damaging to the Hotel's business.

17.     In addition to the actions noted above, a restaurant by the name of "El Tapatio Authentic Mexican Restaurant" was also located on the Hotel premises (hereafter the "Restaurant"). Under an existing lease agreement, the Restaurant paid the Hotel $5,000.00 per month for rent ("Lease Agreement" and "Restaurant Rent," respectively). Under the terms of the Assignment

Agreement, the Lease Agreement was assigned to SAI, along with all of the proceeds from the Restaurant Rent. (*See*, Exhibit B of the Assignment Agreement).

18.     However, the Defendants diverted all of the Restaurant Rent payments and kept all of the proceeds for themselves. In fact, none of the Restaurant Rent was ever conveyed to SAI on behalf of the Hotel. The Defendants converted 100% of the Restaurant Rent during the time period.

19.     This action alone by the Defendants seriously hampered the financial performance of the Hotel, as the Restaurant Rent was a major source of revenue for the Hotel. Because of the Defendants' conversion of the Restaurant Rent, the Hotel was deprived of an important and necessary source of revenue.

20.     These actions by the Defendants ultimately contributed to the supposed financial stress of the Hotel which allowed the Defendants to take over the Hotel under the guise of a foreclosure action.

21.     A&N Patel were aided, assisted and encouraged in their misdeeds and mismanagement of the Hotel by the other Defendants. All Defendants agreed together and participated in the common scheme and the misdeeds and fraudulent acts during the time period.

22.     In their fraudulent transactions, the Defendants made numerous false representations of material fact that they knew were false. As such, Defendants regularly communicated to the Plaintiffs that there was a shortage of money, and the Hotel was not in good and solid financial shape. But the truth was that there was plenty of cash. The Hotel was short of cash because of the Defendants' embezzlement, theft and improper actions. The situation became so financially dire that the Hotel could no longer pay its bills and eventually lost its Days Inn franchise.

23.     Ultimately, the Defendants used the guise of a mortgage foreclosure action to defraud Plaintiffs out of their money and their ownership interest in the Hotel.

24.     Thereafter, the Defendants reconstituted their complete control of the Hotel under the new company name "ANK, LLC," which carries the initials of A&N Patel and their daughter, "Kuku" Patel, "ANK".

25.     At the present time, the Hotel is being marketed as the "Magnolia Hotel" in Durant, OK, and is being run and managed by A&K Patel, under the ANK name, with the full support, assistance and approval of the other Defendants.

26.     Defendants made many material misrepresentations regarding the financial condition of the Hotel with the intent to induce the Plaintiffs to rely upon their misrepresentations. And in fact, the Plaintiffs did rely upon the Defendants' misrepresentations and believed their lies about the Hotel.

27.     Because the Plaintiffs lived out of state, the Defendants communicated their fraudulent and material misrepresentations over the telephone and internet wire communication services.

28.     From their actions, the Defendants knowingly made use of wire communications in the furtherance of their fraudulent scheme to defraud Plaintiffs from their financial resources and ownership interest in the Hotel, in violation of 18 U.S.C. §1341 and 1343.

29.     Specifically, the Defendants used telephone communications to further their fraudulent scheme on the following instances:

          a.     In May of 2011, Defendant Arvindbhai C. Patel called Plaintiff Ashvinkumar Patel to tell him that the internet had been damaged by some customers, which was false. The problem with internet was not caused by customers, but was caused by the Defendants, and the problems persisted for over 18 months, which

resulted in lost business revenue for the Hotel. These false statements were made in furtherance of the Defendants' fraudulent scheme.

b.  In August 2011, Plaintiff Ashvinkumar Patel called Defendant Nayanaben Patel to ask about a $887 purchase which was made to Walmart. Plaintiff questioned the purchase and asked Defendant to produce the receipt for the purchase. The Defendant responded that the purchase was business related, but stated that they do not keep receipts. She said that if Plaintiff wanted to get a receipt he would have to go to Walmart to get it. All of these statements made by Defendant were false and were made in furtherance of the Defendants' fraudulent scheme.

c.  In May of 2012, Plaintiff Ashvinkumar Patel called Defendant Nayanaben Patel to discuss the payment of the franchise fee to Days Inn. The Defendant stated that they were not receiving reservations from Days Inn, and for that reason, they were not going to pay the franchise fee. These statements were false. The truth is that the Defendants had damaged the Hotel's internet service. Plus, the Defendants were embezzling large sums of money from the Hotel. These actions prevented the Hotel from being able to continue as a Days Inn franchise, and the Hotel ultimately lost its franchise which further damaged its business operations.

d.  In June of 2013, Defendant Rajendra K. Patel called Plaintiff Ashvinkumar Patel to invite him to Durant, OK to discuss the problems with the Hotel and the Days Inn franchise fee. Plaintiffs did attend the meeting with the Defendants in Durant in which the problems were discussed. The Defendants falsely blamed the problems with the Hotel on many things, but never admitted their own, intentional actions and misdeeds. Further, the Defendants never provided

documentation, bank statements or financial records to the Plaintiffs in order for them to discover the true condition of the Hotel or the Defendants' actions.

    e.    In March of 2013, Plaintiff Ashvinkumar Patel called Defendant Nayanaben Patel to discuss the Hotel's cash situation. The Defendant told Plaintiff that there was no cash in the account because she was too busy to make cash deposits. These statements were false in that the reason the Hotel was having cash shortages was because the Defendants were embezzling Hotel cash and were transferring it into their own personal accounts. Or, the Defendants were paying their own personal expenses from the Hotel account.

30.    The Defendants' actions constitute racketeering activity under 18 U.S.C. §1961(1).

31.    The Defendants' unlawful conduct, agreement, civil conspiracy and unlawful actions together formed an enterprise of unlawful activity acted through a pattern of racketeering activity in violation of 18 U.S.C. §1961(4).

32.    The Defendants' actions and conduct as described herein were related in that they had the same or similar purpose, results, participants, victims, methods of commission, or otherwise were interrelated.

33.    Also, the Defendants' related acts occurred over a period of time, with the purpose of defrauding the Plaintiffs out of their money and their interest in the Hotel. As such, the Defendants' actions are continuous in nature in that the effects continue to the present.

34.    As such, the Defendants' actions amount to or otherwise constitute a threat of a continuing pattern of racketeering activity in violation of 18 U.S.C. §1961(5).

## FIRST CLAIM FROM RELIEF
### (RICO SECTION 1962(c))

35.    The allegations of paragraphs 1 through 34 are incorporated herein by reference.

36.      By their actions described herein, the Defendants collectively engaged in an enterprise whose activities affect interstate commerce.

37.      The Defendants used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise, as described herein.

38.      The racketeering activity constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961 (5).

39.      As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(a), Plaintiffs have been injured in their business and property in that they have been defrauded out of hundreds of thousands of dollars and have lost the benefit of their bargain that they purchased in the Hotel.

40.      WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their violation under 18 U.S.C. § 1962 (c) as follows:

a.   $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

b.   $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

c.   The loss of their interest in all future revenue from the Hotel,

d.   $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

e.   The loss of their interest in all future revenue from the Restaurant Rent,

f.   Treble damages under 18 U.S.C. § 1964 (c),

g.   Punitive damages,

h.   All costs and fees, including court costs, interest and attorneys fees, and

i.   All other matters and items to which the Plaintiffs may be entitled.

**SECOND CLAIM FROM RELIEF**
**(RICO SECTION 1962(b))**

41.     The allegations of paragraphs 1 through 40 are incorporated herein by reference.

42.     By their actions described herein, the Defendants collectively engaged in an enterprise whose activities affect interstate commerce.

43.     The Defendants acquired and maintained interests in and control of the Hotel enterprise through a pattern of racketeering activity. Specifically, the Defendants:

    a.  Embezzled and diverted company funds to their own personal bank accounts,

    b.  Paid their own personal expenses with company funds (including their children's private school tuition from company funds),

    c.  Gave large sums of company money away to friends and associates,

    d.  Diverted company supplies and resources for use in other businesses owned by the Defendants,

    e.  Filed false and fraudulent tax returns with the Internal Revenue Service, and

    f.  Failed to pay for the Hotel's franchise fee with Days Inn Hotels and thereby losing the Days Inn franchise label. This fact was particularly damaging to the Hotel's business, and

    g.  Embezzling and diverting the Restaurant Rent to their own personal bank accounts.

44.     The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

45.     The Defendants have directly and indirectly acquired and maintained interests in and control of the enterprise through the pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962 (b).

46.     As a direct and proximate result of the Defendants racketeering activities and violation of 18 U.S.C. § 1962 (b), Plaintiffs have been injured in their business and property in the following amounts:

        a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

        b. $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

        c. The loss of their interest in all future revenue from the Hotel,

        d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

        e. The loss of their interest in all future revenue from the Restaurant Rent,

47.     WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their violation under 18 U.S.C. § 1962 (c) as follows:

        a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

        b. $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

        c. The loss of their interest in all future revenue from the Hotel,

        d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

        e. The loss of their interest in all future revenue from the Restaurant Rent,

        f. Treble damages under 18 U.S.C. § 1964 (c),

        g. Punitive damages,

        h. All costs and fees, including court costs, interest and attorneys fees, and

        i. All other matters and items to which the Plaintiffs may be entitled.

### THIRD CLAIM FROM RELIEF
**(RICO SECTION 1962(d))**

48.     The allegations of paragraphs 1 through 47 are incorporated herein by reference.

49.     By their actions described herein, the Defendants agreed and conspired to violate 18 U.S.C. §§ 1962 (a), (b) and (c). Specifically, the Defendants (1) used and/or invested the income that they derived from their pattern of racketeering activity in their interstate enterprise, under 18 U.S.C. § 1962 (a), (2) acquired or maintained interests in the enterprise through a pattern of racketeering activity, under 18 U.S.C. § 1962 (b), and/or (3) conducted and participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity, under 18 U.S.C. § 1962 (c).

50.     The Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise, acquire or maintain interests in the enterprise through a pattern of racketeering activity, and conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. The Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described herein. That conduct constitutes a conspiracy to violate 18 U.S.C. 18 § 1962 (a), (b) and (c), in violation of 18 U.S.C. § 1962 (d).

51.     As a direct and proximate result of the Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violation of 18 U.S.C. § 1962 (d), Plaintiffs have been injured in their business and property in the following amounts:

   a.   $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

   b.   $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

   c.   The loss of their interest in all future revenue from the Hotel,

   d.   $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all future revenue from the Restaurant Rent,

52. WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their violation under 18 U.S.C. § 1962 (d) as follows:

   a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

   b. $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

   c. The loss of their interest in all future revenue from the Hotel,

   d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all future revenue from the Restaurant Rent,

   f. Treble damages under 18 U.S.C. § 1964 (c),

   g. Punitive damages,

   h. All costs and fees, including court costs, interest and attorneys fees, and

   i. All other matters and items to which the Plaintiffs may be entitled.

## FOURTH CLAIM FROM RELIEF
### (FRAUD)

53. The allegations of paragraphs 1 through 52 are incorporated herein by reference.

54. By their actions as described herein, the Defendants have defrauded the Plaintiffs in the following amounts:

   a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

   b. $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

   c. The loss of their interest in all future revenue from the Hotel,

   d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all future revenue from the Restaurant Rent,

55.     WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their fraud as follows:

    a.   $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

    b.   $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

    c.   The loss of their interest in all future revenue from the Hotel,

    d.   $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

    e.   The loss of their interest in all future revenue from the Restaurant Rent,

    f.   Punitive damages,

    g.   All costs and fees, including court costs, interest and attorneys fees, and

    h.   All other matters and items to which the Plaintiffs may be entitled.

### FIFTH CLAIM FROM RELIEF
### (CONVERSION)

56.     The allegations of paragraphs 1 through 55 are incorporated herein by reference.

57.     By their actions as described herein, the Defendants have wrongfully and willfully converted the Plaintiffs' property and money in the following amounts:

    a.   $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

    b.   $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

    c.   The loss of their interest in all future revenue from the Hotel,

    d.   $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

    e.   The loss of their interest in all future revenue from the Restaurant Rent,

58.     WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their conversion as follows:

    a.  $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

    b.  $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

    c.  The loss of their interest in all future revenue from the Hotel,

    d.  $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

    e.  The loss of their interest in all future revenue from the Restaurant Rent,

    f.  Punitive damages,

    g.  All costs and fees, including court costs, interest and attorneys fees, and

    h.  All other matters and items to which the Plaintiffs may be entitled.

## SIXTH CLAIM FROM RELIEF
## (BREACH OF FIDUCIARY DUTY)

59.    The allegations of paragraphs 1 through 58 are incorporated herein by reference.

60.    As the managing members of SAI, Defendants owed a fiduciary duty to the Plaintiffs.

61.    Further, as majority interest owners, Defendants owed a fiduciary duty to the Plaintiffs who owned a minority interest in SAI.

62.    By their actions as described herein, the Defendants wrongfully and willfully breached their fiduciary duty to the Plaintiffs and damaged the Plaintiffs' property and money in the following amounts:

    a.  $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

    b.  $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

    c.  The loss of their interest in all future revenue from the Hotel,

    d.  $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

    e.  The loss of their interest in all future revenue from the Restaurant Rent,

63.    WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their conversion as follows:

    a.  $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

    b.  $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

    c.  The loss of their interest in all future revenue from the Hotel,

    d.  $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

    e.  The loss of their interest in all future revenue from the Restaurant Rent,

    f.  Punitive damages,

    g.  All costs and fees, including court costs, interest and attorneys fees, and

    h.  All other matters and items to which the Plaintiffs may be entitled.

    a.

## SEVENTH CLAIM FROM RELIEF
### (CIVIL CONSPIRACY)

64.    The allegations of paragraphs 1 through 63 are incorporated herein by reference.

65.    By their actions as described herein, the Defendants agreed and conspired together to wrongfully and willfully defraud the Plaintiffs. Their actions thereby constitute a civil conspiracy to defraud.

66.    From the Defendants' civil conspiracy, they have damaged the Plaintiffs' property and money in the following amounts:

    a.  $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

    b.  $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

c.  The loss of their interest in all future revenue from the Hotel,

d.  $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

e.  The loss of their interest in all future revenue from the Restaurant Rent,

67.     WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their civil conspiracy as follows:

a.  $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

b.  $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

c.  The loss of their interest in all future revenue from the Hotel,

d.  $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

e.  The loss of their interest in all future revenue from the Restaurant Rent,

f.  Punitive damages,

g.  All costs and fees, including court costs, interest and attorneys fees, and

h.  All other matters and items to which the Plaintiffs may be entitled.

## EIGHTH CLAIM FROM RELIEF
### (BREACH OF CONTRACT)

68.     The allegations of paragraphs 1 through 67 are incorporated herein by reference.

69.     By their actions as described herein, the Defendants have wrongfully and willfully breached the Real Estate Purchase Agreement and the Operating Agreement for SAI. Due to their breach of contract, the Defendants have damaged the Plaintiffs' property and money in the following amounts:

a.  $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

b.  $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

    c.  The loss of their interest in all future revenue from the Hotel,

    d.  $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

    e.  The loss of their interest in all future revenue from the Restaurant Rent,

70.    WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their breach of contract as follows:

    a.  $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

    b.  $1,250,000.00 for the loss of the Plaintiffs' interest in the Hotel,

    c.  The loss of their interest in all future revenue from the Hotel,

    d.  $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

    e.  The loss of their interest in all future revenue from the Restaurant Rent,

    f.  Punitive damages,

    g.  All costs and fees, including court costs, interest and attorneys fees, and

    h.  All other matters and items to which the Plaintiffs may be entitled.

## EIGHTH CLAIM FROM RELIEF
### (ACCOUNTING)

71.    The allegations of paragraphs 1 through 70 are incorporated herein by reference.

72.    As noted herein, the Defendant has wrongfully and willfully converted the Plaintiffs' assets.

73.    The Plaintiffs seek an Order from this Court compelling the Defendants to render a full and complete accounting of all items and assets of SAI, the Hotel and the Restaurant.

WHEREFORE, the Plaintiffs herein request damages under the following:

(1.) All damages and remedies under 18 U.S.C. § 1962 (c),
(2.) All damages and remedies under 18 U.S.C. § 1962 (b),
(3.) All damages and remedies under 18 U.S.C. § 1962 (d),

(4.) All damages and remedies for the Defendants' Fraud,
(5.) All damages and remedies for the Defendants' Conversion
(6.) All damages and remedies for the Defendants' Breach of fiduciary duty,
(7.) All damages and remedies for the Defendants' Civil conspiracy,
(8.) All damages and remedies for the Defendants' Breach of contract,
(9.) For an Accounting,
(10.) Punitive damages,
(11.) All costs and fees, including court costs, interest and attorneys fees, and
(12.) All other matters and items to which the Plaintiffs may be entitled.


Respectfully submitted,



/s/ Jon McLanahan
Jon McLanahan, OBA No. 12777
McLANAHAN LAW FIRM, PLLC
P.O. Box 31925
Edmond, Oklahoma 73003
Telephone:     (405) 217-0064
Facsimile:     (405) 341-7006
ATTORNEYS FOR PLAINTIFF
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED