## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) ASHVINKUMAR PATEL,<br>2) KAMUBEN PATEL,<br><br>    Plaintiffs,<br><br>v.<br><br>1) ARVINDBHAI C. PATEL,<br>2) NAYANABEN PATEL,<br>3) SAI, LLC,<br>4) ANK, LLC<br>5) RAJENDRA K. PATEL<br>6) MINA PATEL<br>7) DURANT HOSPITALITY, INC.<br>8) PREMIER HOSPITALITY<br>MANAGEMENT, INC.<br><br>    Defendants. | Case No. 16-CV-415-SPS |

### FIRST AMENDED COMPLAINT

1. Plaintiffs, Ashvinkumar Patel and Kamuben Patel, ("Plaintiffs"), hereby submit this First Amended Complaint (the "Complaint"), and allege the following based upon their personal knowledge and upon information and belief as to all other matters.

### INTRODUCTION

2. This is an action brought by Plaintiffs against defendants Arvindbhai C. Patel, and Nayanaben Patel ("A Patel and "N Patel"), SAI, LLC ("SAI"), ANK, LLC ("ANK"), Rajendra K. Patel and Mina Patel ("R Patel and "M Patel"), Durant Hospitality, Inc. ("Durant") and Premier Hospitality Management, Inc. ("Premier" and collectively "Defendants") for civil conspiracy, fraud, conversion, breach of fiduciary duty, breach of contract, an accounting of all aspects of the Parties'

1

business from 2008 through the present (hereafter "the Time Period"), for punitive damages, for the Plaintiffs costs, fees and attorney's fees and for all other items to which the Plaintiffs may be entitled.

3. Plaintiffs did not discover that the Defendants were engaged in such unlawful activities against them until at least December of 2012, at the earliest. However, much of the information regarding the Defendants' acts and the depth of their misdeeds is still unknown to the Plaintiffs to the present day. The Defendants were and are in possession of documents, records, bank statements and other relevant evidence. In this regard, the Defendants have wrongfully concealed material facts relating to their wrongdoing, and their concealment prevented the Plaintiffs' discovery of the nature and extent of their actions.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(c)(1) because all individual Defendants reside in this district and (c)(2) because SAI, ANK, Durant and Premier have their principal places of business within this district and are subject to this Court's personal jurisdiction.

## PARTIES

6. Plaintiffs A&K Patel are citizens of Texas. Defendants A&N Patel and R&M Patel are citizens of Oklahoma. Defendants SAI and ANK are Oklahoma limited liability companies and

their principal places of business are located in Oklahoma. Defendants Durant and Hospitality are Oklahoma corporations and their principal places of business are located in Oklahoma.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7. In all relevant times, Defendants acted in concert with each other in order to further their scheme to defraud the Plaintiffs. Defendants conspired and colluded together for their own personal gain and to the Plaintiffs' detriment and the detriment of the domestic limited liability company, SAI, of which Plaintiffs are co-owners

8. In August and September of 2008, the Plaintiffs and A&N Patel discussed the possibility of purchasing the Durant Days Inn Hotel, located at 2121 W. Main St., Durant, OK 74701, from R&M Patel and Durant/Hospitality (the "Hotel"). Eventually, the Parties agreed to the purchase/sale of the Hotel for the purchase price of $3,000,000.00. Five hundred thousand dollars ($500,000.00) of the purchase was to be in cash and the balance ($2,500,000) was to be financed by a promissory note and mortgage on the Hotel. (*See*, Assignment and Assumption Agreement ("Assignment Agreement") and Real Estate Purchase Contract ("Purchase Contract"), Promissory Note ("Note") and Mortgage Agreement ("Mortgage"), attached hereto as Exhibits A, B, C and D, respectively, and incorporated herein by reference).

9. On or about September 13, 2008, the Plaintiffs traveled to Durant, OK from their home in Arlington, TX and met with the Defendants to finalize the purchase of the Hotel. This purchase took place in R&M Patel's home in Durant, OK. As a down payment, the Plaintiffs paid to R&M Patel and Durant/Hospitality $250,000.00 in cash at this meeting. The remaining balance was financed with the Note and Mortgage, which would be executed later.

10. Thereafter, the Plaintiffs contributed another $50,000.00 to R&M Patel and Durant/Hospitality, for a total contribution of $300,000.00.

3

11. By its very nature, the Hotel was engaged in interstate commerce. At the time of its purchase, the Hotel bore the franchise name of "Days Inn," a company with its corporate headquarters in Parsippany-Troy Hills, NJ. Reservations to the Hotel came from all parts of the country and could be made online through the Days Inn reservation system. The Hotel was responsible to make regular franchise fee payments to the Days Inn corporate office in New Jersey, in order for it to maintain its franchise designation.

12. The Hotel was to be owned and managed by SAI, the limited liability company that was to be formed together by the Plaintiffs and Defendants A&N Patel.

13. In furtherance of this arrangement, the Plaintiffs and A&M Patel created SAI on or about March 2, 2009. (*See*, Certificate of Limited Liability Company for SAI, LLC ("Certificate"), attached hereto as Exhibit E, and incorporated herein by reference). Thereafter, on or about September 16, 2009, the Plaintiffs and A&M Patel executed an Operating Agreement for the governance of SAI. Pursuant to their Agreement, the Plaintiffs were to retain 49% of the ownership of SAI. A&N Patel were to own 51% of SAI. (See, Operating Agreement ("Operating Agreement"), attached hereto as Exhibit F, and incorporated herein by reference).

14. Additionally, A&N Patel were appointed as the managers of SAI. As such, they had a duty to manage SAI in good faith, for the benefit of the company as a whole, according to 18 O.S. § 2016. (*See*, Article 3 and, Sections 3.01 and 3.04 of the Operating Agreement).

15. Instead of complying with their duty, A&N Patel and the other Defendants conspired together to embezzle funds from SAI and jeopardize SAI's financial standing in order to defraud the Plaintiffs out of their ownership interest in the Hotel. The Defendants regularly treated the Hotel as their own personal bank account, giving company money to themselves, their own personal creditors and their friends and family members.

16. The Defendants together committed many fraudulent acts and breaches of duty in their management of the Hotel, including:

   a. Embezzling and diverting Hotel funds to their own personal bank accounts,

   b. Paying their own personal expenses with Hotel funds (including paying their children's private school tuition from company funds),

   c. Giving large sums of Hotel money away to friends, family and other associates,

   d. Diverting Hotel supplies and resources for use in other businesses owned by the Defendants,

   e. Using the Hotel and its resources to pay for the expenses and supplies of other, unrelated businesses, and

   f. Failing to pay for the Hotel's franchise fee with Days Inn Hotels and thereby losing the Days Inn franchise label. This fact was particularly damaging to the Hotel's business.

17. In addition to the actions noted above, a restaurant by the name of "El Tapatio Authentic Mexican Restaurant" was also located on the Hotel premises (hereafter the "Restaurant"). Under an existing lease agreement, the Restaurant paid the Hotel $5,000.00 per month for rent ("Lease Agreement" and "Restaurant Rent," respectively). Under the terms of the Assignment Agreement, the Lease Agreement was assigned to SAI, along with all of the proceeds from the Restaurant Rent. (*See*, Exhibit B of the Assignment Agreement).

18. However, the Defendants diverted Restaurant Rent payments and kept the proceeds for themselves.

19. This action alone by the Defendants seriously hampered the financial performance of the Hotel, as the Restaurant Rent was a major source of revenue for the Hotel. Because of the

5

Defendants' conversion of the Restaurant Rent, the Hotel was deprived of an important and necessary source of revenue.

20.     These actions by the Defendants ultimately contributed to the supposed financial stress of the Hotel which allowed the Defendants to take over the Hotel under the guise of a foreclosure action.

21.     A&N Patel were aided, assisted and encouraged in their misdeeds and mismanagement of the Hotel by the other Defendants. All Defendants agreed together and participated in a common scheme and misdeeds during the time period.

22.     In their communications, the Defendants made numerous false representations of material fact that they knew were false. As such, Defendants regularly communicated to the Plaintiffs that there was a shortage of money, and the Hotel was not in good and solid financial shape. But the truth was that there was plenty of cash being generated by the Hotel. The Hotel was short of cash because of the Defendants' improper actions. The situation became so financially dire that the Hotel could no longer pay its bills and eventually lost its Days Inn franchise.

23.     Ultimately, the Defendants used a mortgage foreclosure action to improperly obtain the Plaintiffs ownership interest in the Hotel.

24.     At the present time, the Hotel is being marketed as the "Magnolia Hotel" in Durant, OK, and is being run and managed by A&K Patel, under the ANK name, with the full support, assistance and approval of the other Defendants.

25.     Defendants made many material misrepresentations regarding the financial condition of the Hotel with the intent to induce the Plaintiffs to rely upon their misrepresentations. And in fact, the Plaintiffs did rely upon the Defendants' misrepresentations and believed their false statements.

26. Specifically, the Defendants communicated false information in the following instances:

   a. In May of 2011, Defendant Arvindbhai C. Patel called Plaintiff Ashvinkumar Patel to tell him that the internet had been damaged by some customers, which was false. The problem with the internet was not caused by customers, but was caused by the Defendants, and the problems persisted for over 18 months, which resulted in lost business revenue for the Hotel. These false statements were made in furtherance of the Defendants' fraudulent scheme.

   b. In August 2011, Plaintiff A. Patel called Defendant N. Patel to ask about an $887 purchase which was made to at a local Walmart. Plaintiff questioned the purchase and asked Defendant to produce the receipt for the purchase. The Defendant responded that the purchase was business related, but stated that they do not keep receipts. Defendant stated that if Plaintiff wanted to get a receipt he would have to go to the Walmart to get it. All of these statements made by Defendant were false and were made in furtherance of the Defendants' fraudulent scheme.

   c. In May of 2012, Plaintiff Ashvinkumar Patel called Defendant N. Patel to discuss the payment of the franchise fee to Days Inn. The Defendant stated that they were not receiving reservations from Days Inn, and for that reason, they were not going to pay the franchise fee. These statements were false. The truth is that the Defendants had damaged the Hotel's internet service. Plus, the Defendants were embezzling money from the Hotel. These actions prevented the

        Hotel from being able to continue as a Days Inn franchise, and the Hotel ultimately lost its franchise which further damaged its business operations.

d. In June of 2013, Defendant R. Patel called Plaintiff Ashvinkumar Patel to invite him to Durant, OK to discuss the problems with the Hotel and the Days Inn franchise fee. Plaintiffs did attend the meeting with the Defendants in Durant in which the problems were discussed. The Defendants falsely blamed the problems with the Hotel on many things, but never admitted their own, intentional actions and misdeeds. Further, the Defendants never provided documentation, bank statements or financial records to the Plaintiffs in order for them to discover the true condition of the Hotel or the Defendants' actions.

e. In March of 2013, Plaintiff Ashvinkumar Patel called Defendant N. Patel to discuss the Hotel's cash situation. The Defendant told Plaintiff that there was no cash in the account because she was too busy to make cash deposits. These statements were false in that the reason the Hotel was having cash shortages was because the Defendants were embezzling Hotel cash and were transferring it into their own personal accounts, or, the Defendants were paying their own expenses from the Hotel account.

### FIRST CLAIM FROM RELIEF
### (CIVIL CONSPIRACY)

27. The allegations of paragraphs 1 through 26 are incorporated herein by reference.

28. By their actions as described herein, the Defendants agreed and conspired together to wrongfully and willfully defraud the Plaintiffs. Their actions thereby constitute a civil conspiracy to defraud.

29. From the Defendants' civil conspiracy, they have damaged the Plaintiffs' property and money in the following amounts:

   a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

   b. The loss of the Plaintiffs' interest in the Hotel,

   c. The loss of their interest in all profits from the Hotel,

   d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all profits from the Restaurant Rent,

30. WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their civil conspiracy as follows:

   a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

   b. The loss of the Plaintiffs' interest in the Hotel,

   c. The loss of their interest in all profits from the Hotel,

   d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all profits from the Restaurant Rent,

   a. Punitive damages,

   b. All costs and fees, including court costs, interest and attorneys fees, and

   c. All other matters and items to which the Plaintiffs may be entitled.

## SECOND CLAIM FROM RELIEF
### (FRAUD)

31. The allegations of paragraphs 1 through 30 are incorporated herein by reference.

32. By their actions as described herein, the Defendants have defrauded the Plaintiffs in the following amounts:

   a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

   b. The loss of the Plaintiffs' interest in the Hotel,

   c. The loss of their interest in all profits from the Hotel,

   d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all profits from the Restaurant Rent,

33. WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their fraud as follows:

   a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

   b. The loss of the Plaintiffs' interest in the Hotel,

   c. The loss of their interest in all profits from the Hotel,

   d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all profits from the Restaurant Rent,

   f. Punitive damages,

   g. All costs and fees, including court costs, interest and attorneys fees, and

   h. All other matters and items to which the Plaintiffs may be entitled.

### THIRD CLAIM FROM RELIEF
### (CONVERSION)

34. The allegations of paragraphs 1 through 33 are incorporated herein by reference.

35. By their actions as described herein, the Defendants have wrongfully and willfully converted the Plaintiffs' property and money in the following amounts:

    a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

    b. The loss of the Plaintiffs' interest in the Hotel,

    c. The loss of their interest in all profits from the Hotel,

    d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

    e. The loss of their interest in all profits from the Restaurant Rent,

36. WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their conversion as follows:

    a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

    b. The loss of the Plaintiffs' interest in the Hotel,

    c. The loss of their interest in all profits from the Hotel,

    d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

    e. The loss of their interest in all profits from the Restaurant Rent,

    f. Punitive damages,

    g. All costs and fees, including court costs, interest and attorneys fees, and

    h. All other matters and items to which the Plaintiffs may be entitled.

### FOURTH CLAIM FROM RELIEF
### (BREACH OF FIDUCIARY DUTY)

37. The allegations of paragraphs 1 through 36 are incorporated herein by reference.

38. As the managing members of SAI, Defendants owed a fiduciary duty to the Plaintiffs.

39. Further, as majority interest owners, Defendants owed a fiduciary duty to the Plaintiffs who owned a minority interest in SAI.

40. By their actions as described herein, the Defendants wrongfully and willfully breached their fiduciary duty to the Plaintiffs and damaged the Plaintiffs' property and money in the following amounts:

   a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

   b. The loss of the Plaintiffs' interest in the Hotel,

   c. The loss of their interest in all profits from the Hotel,

   d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all profits from the Restaurant Rent,

41. WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their conversion as follows:

   a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,

   b. The loss of the Plaintiffs' interest in the Hotel,

   c. The loss of their interest in all profits from the Hotel,

   d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all profits from the Restaurant Rent,

   a. Punitive damages,

   b. All costs and fees, including court costs, interest and attorneys fees, and

   c. All other matters and items to which the Plaintiffs may be entitled.

## FIFTH CLAIM FROM RELIEF
### (BREACH OF CONTRACT)

42. The allegations of paragraphs 1 through 41 are incorporated herein by reference.

43. By their actions as described herein, the Defendants have wrongfully and willfully breached the Real Estate Purchase Agreement and the Operating Agreement for SAI. Due to their breach of contract, the Defendants have damaged the Plaintiffs' property and money in the following amounts:

   a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,
   b. The loss of the Plaintiffs' interest in the Hotel,
   c. The loss of their interest in all profits from the Hotel,
   d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,
   e. The loss of their interest in all profits from the Restaurant Rent,

44. WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their breach of contract as follows:

   a. $300,000.00 for the return of their contribution to the Defendants for purchase of the Hotel,
   b. The loss of the Plaintiffs' interest in the Hotel,
   c. The loss of their interest in all profits from the Hotel,
   d. $230,000.00 for the loss of the Plaintiffs' interest in the Restaurant Rent,
   e. The loss of their interest in all profits from the Restaurant Rent,
   a. Punitive damages,
   b. All costs and fees, including court costs, interest and attorneys fees, and
   c. All other matters and items to which the Plaintiffs may be entitled.

## SIXTH CLAIM FROM RELIEF
### (ACCOUNTING)

45. The allegations of paragraphs 1 through 44 are incorporated herein by reference.

46. As noted herein, the Defendants have wrongfully and willfully converted the Plaintiffs' assets.

47. The Defendants concealed their nefarious behavior from the Plaintiffs during the entire Time Period. As such, the Plaintiffs, still to this day, do not know the full extent of the Defendants' actions.

48. The Plaintiffs seek an Order from this Court compelling the Defendants to render a full and complete accounting for the entire Time Period for all activities of SAI, ANK, the Hotel and the Restaurant, including but not limited to, an accounting of all activities, revenue, expenditures, income, assets, liabilities, etc.

## SIXTH CLAIM FROM RELIEF
### (PUNITIVE DAMAGES)

49. The allegations of paragraphs 1 through 48 are incorporated herein by reference.

50. As noted herein, the Defendants wrongfully and willfully converted the Plaintiffs' assets with reckless disregard for the rights of the Plaintiffs.

51. Also as noted herein, the Defendants wrongfully and willfully converted the Plaintiffs' assets with intentionally and with malice towards the Plaintiffs.

52. The Plaintiffs seek an award of punitive damages from the Defendants in any amount a jury deems appropriate, without regard to limitation.

WHEREFORE, the Plaintiffs herein request damages under the following:

(1.) All damages and remedies for the Defendants' Civil Conspiracy,
(2.) All damages and remedies for the Defendants' Fraud,
(3.) All damages and remedies for the Defendants' Conversion
(4.) All damages and remedies for the Defendants' Breach of fiduciary duty,
(5.) All damages and remedies for the Defendants' Breach of contract,
(6.) An Order from this Court compelling the Defendants to render a full and complete accounting for the entire Time Period for all activities of SAI, ANK,

    the Hotel and the Restaurant, including but not limited to, an accounting of all activities, revenue, expenditures, income, assets, liabilities, etc.,
(7.) An award of punitive damages against the Defendants in any amount a jury deems appropriate, without regard to limitation,
(8.) All costs and fees, including court costs, interest and attorneys fees, and
(9.) All other matters and items to which the Plaintiffs may be entitled.

          Respectfully submitted,


          /s/ Jon McLanahan
          Jon McLanahan, OBA No. 12777
          McLANAHAN LAW FIRM, PLLC
          P.O. Box 31925
          Edmond, Oklahoma 73003
          Telephone: (405) 217-0064
          Facsimile: (405) 341-7006
          ATTORNEYS FOR PLAINTIFF
          JURY TRIAL DEMANDED
          ATTORNEY LIEN CLAIMED


**CERTIFICATE OF MAILING**

  The undersigned certifies, that on the 3rd day of November 2017, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Thomas Wright
tom@wswlaw.com


          /s/ Jon McLanahan
          JON McLANAHAN