## REAL ESTATE PURCHASE CONTRACT

May 11, 2010

We hereby agree to purchase the following described real property described on Exhibit "A", together with all the improvements thereon and the appurtenances, if any, thereunto belonging, including none of the mineral rights, owned by Seller and subject to existing zoning ordinances, restrictions and easements.

We agree to pay for said real property the sum of Two Million Five Hundred Thousand and Ten Dollars ($2,500,010.00), payable as follows:

a. The sum of Ten Dollars ($10.00) (the "Earnest Money") shall be delivered to the Seller, within two (2) days of the execution of this Agreement by both parties, and shall be held by Seller under the terms and conditions of this Agreement, to be applied to the purchase price payable at closing.

b. The balance of the purchase price in the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00) shall be represented by the execution and delivery, at closing, of Buyer's promissory note ("Note") and First Mortgage ("Mortgage") payable to the order of the Seller, bearing interest at the rate of eight percent (8%) per annum or Wall Street Journal Prime, whichever is higher, adjusted daily, payable monthly, amortized over twenty-five (25) years with the full principal and all accrued interest thereon being due and payable May 12th, 2035.

c. The Note shall be unconditionally guaranteed by the following individuals: Arvindbhai C. Patel, Nayanaben Patel, Ashvinkumar Patel and Kamuben Patel.

d. Buyer shall deliver a UCC Filing securing the Note with an encumbrance on all furniture, fixtures, equipment and accounts receivable.

e. Buyer shall collaterally assign to Seller a secured interest in a Lease with El Tapitio Restaurant and in a Franchise Agreement with Days Inn.

Defs.AP&KP-054

The Seller, within fifteen (15) days from the acceptance hereof, shall furnish an abstract of title and title commitment to said real property from First American Title and Trust Company to the Buyer, extended to this date, showing a merchantable title in the Seller, according to the standards adopted by Oklahoma Bar Association, free and clear of all liens and encumbrances, except as hereinabove provided. The Buyer shall have ten (10) days to have the abstract and commitment examined and furnish any objections in writing to the Seller, or its agent herein, and the Seller shall have, not to exceed thirty (30) days from the notice thereof to correct such defects, unless such time is further extended by agreement in writing.

In case such defects in the title cannot be so corrected within the time specified, this contract shall become null and void and the deposit returned forthwith, unless the Buyer elects to waive such objections.

The title shall be conveyed by Warranty Deed and the Seller shall pay all general taxes and special assessments to the calendar year. All general Taxes and special assessment liens payable during the calendar year of 2010 shall be paid by the Buyer at the time of closing. If the amount of the general taxes cannot be ascertained such proration shall be on the basis of the taxes paid for the preceding year.

The Seller agrees to deliver the property and the improvements thereon in their present condition, ordinary wear and tear excepted. Seller shall deliver to Buyer a Bill of Sale transferring all furniture, fixtures and equipment and both parties shall execute an Assignment and Assumption of Service Contracts with respect to the property. Consideration for the Bill of Sale shall be determined by the Parties through mutual agreement.

At closing, Seller and Buyer shall execute an original of a Non-Competition Agreement, a copy of which is attached hereto.

Except as otherwise provided herein, expenses shall be paid as follows: a) Abstracting, title commitment and title policy: Buyer; b) Survey: Buyer; c) Closing or escrow fee: Buyer; d) Documentary Stamps: Buyer; e) Mortgage Tax: Buyer; f) Loan costs: Buyer; g) Attorney fees: Buyer; h) Sales Tax: Buyer.

Defs.AP&KP-055

This sale is to be closed on or before May 12th, 2010, unless the time of closing is extended by written agreement, and full possession of said real property will then be given to Buyer.

If the Buyer wrongfully refuses to close, the earnest money is to be forfeited as liquidated damages to the Seller. If Seller wrongfully refuses to close, Buyer may a) obtain the return of earnest money or b) seek specific performance, in which case the prevailing party/parties shall be awarded attorney fees and court costs.

This is the entire contract between the parties, when accepted, and neither party shall be bound by any verbal representation altering the terms of this offer and agreement.

The foregoing offer is made subject to acceptance in writing hereon by the Seller within five (5) days from and after this date and the return of an executed copy to the undersigned. If not so accepted the said deposit is to be returned to the Buyer.

Time is the essence of this contract and is so considered by the Parties.

This contract shall be binding upon the heirs, executors, administrators, successors and assigns of the parties hereto. This contract, when accepted, may be assigned.

This is a legally binding contract. If not understood, seek competent advice.

"BUYER"

SAI, LLC

By: _____
Manager

The undersigned accepts the foregoing offer and agrees to sell the above described real property on the terms and conditions herein stated.

Dated this 12tt day of March 2010.

"SELLER"

DURANT HOSPITALITY, INC.

By: _____

RAJENDRA K. PATEL, President

Received the sum of $10.00, to be held and applied in accordance with the terms and conditions of the foregoing offer. Dated this 12th day of March 2010.

_____
RAJENDRA K. PATEL

Defs.AP&KP-057