**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ASHVINKUMAR PATEL,** **KAMUBEN PATEL,** | |
| **Plaintiffs,** | |
| **-vs-** | |
| **ARVINDBHAI C. PATEL,** **NAYANABEN PATEL,** **SAI, LLC** **ANK, LLC** **RAJENDRA K. PATEL,** **MINA PATEL,** **DURANT HOSPITALITY, INC.,** **PREMIER HOSPITALITY** **MANAGEMENT, INC.,** | **Case No. 16-CV-415-SPS** |
| **Defendants.** | |

## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

COMES NOW Defendants Arvindbhai C. Patel, Nayanaben Patel and ANK, LLC, by and through their attorney of record, Thomas M. Wright, and for their Answer and Counterclaim to Plaintiff's First Amended Complaint ("Complaint"), alleges and states as follows:

1.  Defendants admit the allegations contained in paragraph 2 of Plaintiffs' Complaint.

2.  Defendants deny the allegations contained in paragraph 3 of Plaintiffs' Complaint and demand strict proof thereof.

3.  Defendants admit the allegations contained in paragraph 4 of Plaintiffs' Complaint.

4.  Defendants admit the allegations contained in paragraph 5 of Plaintiffs' Complaint.

5.  Defendants admit the allegations contained in paragraph 6 of Plaintiffs' Complaint.

6.  Defendants deny the allegations contained in paragraph 7 of Plaintiffs' Complaint and demand strict proof thereof.

7.  Defendants admit the allegations contained in paragraph 8 of Plaintiffs' Complaint.

8.  Defendants deny the allegations contained in paragraph 9 of Plaintiffs' Complaint and demand strict proof thereof.

9.  Defendants deny the allegations contained in paragraph 10 of Plaintiffs' Complaint and demand strict proof thereof.

10. Defendants admit the allegations contained in paragraph 11 of Plaintiffs' Complaint.

11. Defendants admit the allegations contained in paragraph 12 of Plaintiffs' Complaint.

12. Defendants admit the allegations contained in paragraph 13 of Plaintiffs' Complaint.

13. Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Complaint and demand strict proof thereof.

14. Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Complaint and demand strict proof thereof.

15. Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint and demand strict proof thereof.

16. Defendants admit the allegations contained in paragraph 17 of Plaintiffs' Complaint.

17. Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Complaint and demand strict proof thereof.

18. Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Complaint and demand strict proof thereof.

19. Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint and demand strict proof thereof.

20. Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint and demand strict proof thereof.

21. Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Complaint and demand strict proof thereof.

22. Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint and demand strict proof thereof.

23. Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint and demand strict proof thereof.

24. Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Complaint and demand strict proof thereof.

25. Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Complaint and demand strict proof thereof.

26. Defendants reassert all denials as to paragraphs 1 through 26.

27. Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Complaint and demand strict proof thereof.

28. Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint and demand strict proof thereof.

29. Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Complaint and demand strict proof thereof.

30. Defendants reassert all denials as to paragraphs 1 through 30.

31. Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Complaint and demand strict proof thereof.

32. Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint and demand strict proof thereof.

33. Defendants reassert all denials as to paragraphs 1 through 33.

34. Defendants deny the allegations contained in paragraph 35 of Plaintiffs' Complaint and demand strict proof thereof.

35. Defendants deny the allegations contained in paragraph 36 of Plaintiffs' Complaint and demand strict proof thereof.

36. Defendants reassert all denials as to paragraphs 1 through 36.

37. Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint and demand strict proof thereof.

38. Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Complaint and demand strict proof thereof.

39. Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint and demand strict proof thereof.

40. Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint and demand strict proof thereof.

41. Defendants reassert all denials as to paragraphs 1 through 41.

42. Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Complaint and demand strict proof thereof.

43. Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Complaint and demand strict proof thereof.

44. Defendants reassert all denials as to paragraphs 1 through 44.

45. Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Complaint and demand strict proof thereof.

46. Defendants deny the allegations contained in paragraph 47 of Plaintiffs' Complaint and demand strict proof thereof.

47. Defendants admit that a full and complete accounting of SAI, LLC is necessary and assert a claim for contribution against Plaintiffs to the extent indicated by the accounting and as alleged in Defendants' Counterclaim.

48. Defendants reassert all denials as to paragraphs 1 through 48.

49. Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint and demand strict proof thereof.

50. Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint and demand strict proof thereof.

51. Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, Defendants state:

1. The Complaint fails to allege facts sufficient to state a claim for relief against the Defendants.

2. The claims of the Plaintiffs are barred by the doctrines of laches, waiver and estoppel.

3. The claims of the Plaintiffs are barred by the statute of limitations.

4. The Defendants do not have any fiduciary duty to the Plaintiff's

5. The claims of the Plaintiffs for breach of Contract are barred by the terms of the Contracts alleged to have been breached.

6. No damage alleged to have resulted to the Plaintiffs was proximately caused by any act or omission by the Defendants.

7. No valid predicate for an award of punitive damages exists.

8. Defendants reserve the right to assert additional defenses which may become known during discovery in this action.

## COUNTERCLAIM

COMES NOW Counterclaimants Arvindbhai C. Patel and Nayanaben Patel ("Counterclaimants") and for their Counterclaim against Ashvinkumar Patel and Kamuben Patel ("Plaintiffs"), allege and state:

1. On or about September 16, 2009, Counterclaimants and Plaintiffs formed SAI, LLC.

2. Pursuant to the Operating Agreement of SAI, LLC, the net profits and net losses of the LLC, and other items of income, gain, loss, deduction and credits, shall be allocated to the Members in proportion to the number of Membership Units owned by each Member compared to the number of Membership Units owned by all Members.

3. On or about October 17, 2016, the Oklahoma Tax Commission assessed taxes due from SAI, LLC in the amount of $26,698.77.

4. Counterclaimants demanded Plaintiffs contribute to the tax debt in proportion to the number of Membership Units owned by Plaintiffs.

5. Plaintiffs failed to contribute to the tax debt.

6. SAI, LLC lost its Days Inn Franchise and was assessed damages in the amount of $90,000.00.

7. Counterclaimant contributed $80,000.00 and Plaintiffs contributed $10,000.00.

8. Plaintiffs failed to contribute to the Days Inn debt in proportion to the number of Membership Units owned by Plaintiffs.

9. Plaintiffs also wrongly withdrew money from SAI, LLC without the permission or authority of Counterclaimants.

10. All these acts were done in violation of the Operating Agreement of SAI, LLC.

11. As a result of the matters stated above, Counterclaimants are entitled to contribution from Plaintiffs in the amount to be established by the accounting, but believed to be in excess of $75,000.00.

WHEREFORE Counterclaimants pray the Court enter judgment in favor of Counterclaimants and against Plaintiff for Plaintiffs failure to contribute to the net losses of SAI, LLC in proportion to the number of Membership Units owned by Plaintiffs, plus costs, attorney fees, interest and any other damages the Court deems just and proper.


Respectfully Submitted,


WRIGHT, STOUT & WILBURN, PLLC

/ s / Thomas Wright
Thomas M. Wright, OBA #20378
300 West Broadway
P.O. Box 707
Muskogee, Oklahoma 74402
(918) 682-0091
(918) 683-6340 [Facsimile]


7

## CERTIFICATE OF SERVICE

I, Thomas M. Wright, hereby certify that on the 24th day of November, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the following persons will receive a Notice of Electronic Filing directly from the Clerk of Court:

David Burrage              davidburrage@burragelaw.com,      cmccoy@burragelaw.com

Heather Burrage            hburrage@burragelaw.com

Jon McLanahan              jmclanahan@cox.net


                           /s/ Thomas Wright