IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHVINKUMAR PATEL, and<br>KAMUBEN PATEL,<br><br>    Plaintiffs,<br><br>v.<br><br>ARVINDBHAI C. PATEL;<br>NAYANABEN PATEL; SAI, LLC;<br>ANK, LLC; RAJENDRA K. PATEL;<br>MINA PATEL; DURANT<br>HOSPITALITY, INC.; and PREMIER<br>HOSPITALITY MANAGEMENT, INC.,<br><br>    Defendants. | Case No. CIV-16-415-SPS |

**OPINION AND ORDER**

This matter comes before the Court on motion by Defendants Rajendra K. Patel; Mina Patel; Durant Hospitality, Inc.; and Premier Hospitality Management, Inc., for dismissal of the Plaintiff's First Amended Complaint for failure to state a claim. For the reasons set forth below, the Court finds that the Defendants, Rajendra K. Patel, Mina Patel, Durant Hospitality, Inc., and Premier Hospitality Management, Inc., Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim and Brief in Support [Docket No. 58] should be hereby GRANTED.

**BACKGROUND**

This case arises out of a dispute regarding the purchase and operation of a hotel in Durant, Oklahoma, formerly the Durant Days Inn Hotel, now the Magnolia Hotel

("Hotel"). The Plaintiffs allege in their First Amended Complaint that they, along with co-Defendants Arvindbhai and Nayanaben Patel (who are not joined in the present Motion to Dismiss), formed SAI, LLC, together to purchase the Hotel from Defendants Rajendra and Mina Patel and their company, Durant Hospitality, Inc. Co-Defendants Arvindbhai and Nayanaben Patel were named the Managers of SAI, and Plaintiffs allege that they, along with Rajendra and Mina Patel and the other Defendants, conspired to embezzle money from SAI and defraud the Plaintiffs out of their interest in the Hotel, as well as diverting funds from a restaurant lease that was operating on the Hotel property. The Plaintiffs allege that the Hotel generated sufficient money, but that the Defendants' mismanagement led to the eventual loss of the Hotel's franchise with Days Inn, a mortgage foreclosure action, and the loss of their ownership interest.

Attached to the First Amended Complaint were a number of documents.[1] As relevant, the second document is a "Real Estate Purchase Contract," indicating that SAI purchased the hotel from Durant Hospitality, for the purchase price of $2,500,000.00, and that the purchase was unconditionally guaranteed by co-Defendants Arvindbhai Patel and Nayanaben Patel, as well as the Plaintiffs, Ashvinkumar Patel and Kamuben Patel. Defendant Rajendra Patel signed the document on behalf of the seller, Durant Hospitality, and co-Defendant Arvindbhai Patel signed it on behalf of the buyer, SAI, LLC. Docket No. 57, Ex. 2. The sixth and final exhibit purports to be SAI, LLC's Operating Agreement

---

[1] "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal citations omitted).

for Limited Liability Company, naming co-Defendants Arvindbhai and Nayanaben Patel as initial Managers of SAI, and was signed by them as Managers, in addition to them signing as members of the LLC along with Plaintiffs Ashvinkumar Patel and Kamuben Patel. Docket No. 57, Ex. 6.

The Plaintiff's Complaint sets out the following enumerated causes of action: (I) civil conspiracy, (II) fraud, (III) conversion, and (IV) breach of fiduciary duty, and (V) breach of contract, as well as enumerated claims for (VI) an accounting and (VII) punitive damages. The Defendants have moved to dismiss the First Amended Complaint. The Court agrees that the Motion to Dismiss should be granted, and that the Plaintiffs be give fourteen days to file a Second Amended Complaint.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Having reviewed the Plaintiffs' claims as to *these four Defendants*, the Court finds that none of the claims set forth sufficient detail to satisfy the claims alleged. The Plaintiffs have not alleged fraud with sufficient specificity, as required by the rules and Tenth Circuit case law. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). *See also Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (In the Tenth Circuit, a Complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."), *quoting Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 127, 180 (10th Cir. 1991). This also leads the Court to conclude that the Plaintiffs have not alleged sufficient detail with regard to the civil conspiracy claim. *See Energy Fluids, Inc. v. Cimarex Energy Co.*,

2008 WL 2404226, at *1 (W.D. Okla. June 10, 2008) ("[T]he more stringent pleading standard found in Rule 9(b) applies to the conspiracy allegations as well as to the underlying fraud allegations. . . . Absent such a requirement, a party could evade the protections of Rule 9(b), at least in multi-actor cases, by simply adding or substituting the conspiracy claim for what would otherwise be a fraud claim within the rule.").

As to the Plaintiffs' conversion claim, the Court recognizes that Plaintiffs have alleged a conspiracy to embezzle money from them, as well as the use of a foreclosure action to obtain Plaintiffs' ownership interests in the hotel. However, the First Amended Complaint is insufficient in that it contains no detail or "relevant information to make the claims plausible on their face[.]" *Khalik*, 671 F.3d at 1191, 1193. As to the breach of fiduciary claim, the Plaintiffs likewise alleged no facts in the First Amended Complaint that the Defendants who filed the present motion had a duty in regard to the Plaintiffs. *See Iqbal*, 556 U.S. at 678, ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted].

Finally, the Court finds that none of the four Defendants who filed this motion – Rajendra Patel, Mina Patel, Durant Hospitality, and Premier Hospitality Management –

were parties to the Operating Agreement, and that the Real Estate Purchase Agreement was only signed by Defendant Rajendra Patel on behalf of Defendant Durant Hospitality, Inc., as the seller to buyer SAI, LLC. Other than the existence of the contract, however, *see* Docket No. 57, p. 3, ¶ 8 & Ex. 2, and the conclusory allegation that the Real Estate Purchase Agreement and SAI's Operating Agreement were breached by "the Defendants," *see id.*, p. 13, ¶ 43, the Plaintiffs have alleged no facts related to *these* Defendants' alleged breach of contract. This is insufficient, where the statement of the claim must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986).

The Plaintiffs set forth Count VI (Accounting) and Count VII (Punitive Damages) as separately enumerated claims, but these claims for equitable relief necessarily flow out of the base claim of conversion, which the Court has dismissed as to these Defendants.

Finally, the Plaintiffs contend that the Defendants' Motion to Dismiss should be denied for failure to comply with this Court's Local Civil Rule 7.1(o), which requires all motions to dismiss to "include a section explaining why an amendment to the complaint or petition would be futile." Defendants did not include such a section in their original motion to dismiss, but have subsequently filed a supplement in which they now assert that amendment would be futile because Plaintiffs have had two previous chances to file a well-pleaded complaint, and that any further amendment would not be sufficient to survive dismissal. Plaintiffs have responded, contending that a previous voluntary dismissal in 2016 should not be counted against them, and that any future amendment would not be

futile because facts uncovered in discovery would support their claims. The Court therefore finds that amendment would not be futile and that Plaintiffs shall be given fourteen days to file an Amended Complaint.

## CONCLUSION

Consequently, IT IS ORDERED that the Defendants, Rajendra K. Patel, Mina Patel, Durant Hospitality, Inc., and Premier Hospitality Management, Inc., Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim and Brief in Support [Docket No. 58] is hereby GRANTED, and that the Plaintiffs may file a Second Amended Complaint within fourteen days.

**DATED** this 6th day of July, 2018.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma