IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) ASHVINKUMAR PATEL,<br>2) KAMUBEN PATEL,<br><br>    Plaintiffs,<br><br>v.<br><br>1) ARVINDBHAI C. PATEL,<br>2) NAYANABEN PATEL,<br>3) ANK, LLC<br>4) RAJENDRA K. PATEL<br>5) MINA PATEL<br>6) DURANT HOSPITALITY, INC.<br>7) PREMIER HOSPITALITY<br>MANAGEMENT, INC.<br><br>    Defendants. | Case No. 16-CV-415-SPS |

## SECOND AMENDED COMPLAINT

1. Plaintiffs, Ashvinkumar Patel and Kamuben Patel, ("Plaintiffs"), hereby submit this Second Amended Complaint (the "Complaint"), and allege the following based upon their personal knowledge and upon information and belief as to all other matters.

### INTRODUCTION

2. This is an action brought by Plaintiffs against defendants Arvindbhai C. Patel, and Nayanaben Patel, husband and wife ("A Patel and "N Patel"), ANK, LLC ("ANK"), Rajendra K. Patel and Mina Patel, husband and wife ("R Patel and "M Patel"), Durant Hospitality, Inc. ("Durant") and Premier Hospitality Management, Inc. ("Premier" and collectively "Defendants") for civil conspiracy, fraud, conversion, breach of fiduciary duty, breach of contract, an accounting of all aspects of the Parties' business from 2008 through the present (hereafter "the Time Period"),

1

for punitive damages, for the Plaintiffs costs, fees and attorney's fees and for all other items to which the Plaintiffs may be entitled.

3. Plaintiffs did not discover that the Defendants were engaged in such unlawful activities against them until at least December of 2012, at the earliest. However, much of the information regarding the Defendants' acts and the depth of their misdeeds is still unknown to the Plaintiffs to the present day. The Defendants were and are in possession of documents, records, bank statements and other relevant evidence. In this regard, the Defendants have wrongfully concealed material facts relating to their wrongdoing, and their concealment prevented the Plaintiffs' discovery of the nature and extent of their actions.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(c)(1) because all individual Defendants reside in this district and (c)(2) because SAI, ANK, Durant and Premier have their principal places of business within this district and are subject to this Court's personal jurisdiction.

### PARTIES

6. Plaintiffs A&K Patel are citizens of Texas. Defendants A&N Patel and R&M Patel are citizens of Oklahoma. Defendant ANK is an Oklahoma limited liability companies, and its principal place of business is located in Oklahoma. Defendants Durant and Hospitality are Oklahoma corporations and their principal places of business are located in Oklahoma.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7.     In all relevant times, Defendants acted in concert with each other in order to further their scheme to defraud the Plaintiffs. Defendants conspired and colluded together for their own personal gain and to the Plaintiffs' detriment and the detriment of the domestic limited liability company, SAI, of which Plaintiffs were co-owners

**The Agreement**

8.     In August and September of 2008, the Plaintiffs and A&N Patel discussed the possibility of purchasing the Durant Days Inn Hotel, located at 2121 W. Main St., Durant, OK 74701, from R&M Patel and Durant/Hospitality (the "Hotel").

9.     Eventually, the Parties agreed to the purchase/sale of the Hotel for the purchase price of $3,000,000.00. Five hundred thousand dollars ($500,000.00) of the purchase was to be paid in cash and the balance ($2,500,000) was to be financed by a promissory note and mortgage on the Hotel (hereafter the "Agreement"). (*See*, Assignment and Assumption Agreement, hereafter "Assignment Agreement" and Real Estate Purchase Contract, hereafter "Purchase Contract", Promissory Note, hereafter "Note" and Mortgage Agreement, hereafter "Mortgage", attached to Plaintiffs First Amended Complaint, as Exhibits A, B, C and D, respectively, and incorporated herein by reference and hereafter referred to collectively as the "Documents").

10.     The Agreement contemplated that the purchase of the Hotel was to happen in two phases. The first phase was to be in the form of a partnership which lasted from September 2008 until May 2010 (hereafter the "Partnership"). The second phase was to occur at the conclusion of the Partnership phase and was to begin upon the execution of the Documents. The purpose of the Partnership phase was for Defendants R&M Patel and Durant/Hospitality to manage the hotel for a monthly fee and to provide training to the Defendants A&N Patel before the final execution of the Documents. All profits from the management of the Hotel were to be distributed to SAI at the

conclusion of the Partnership phase. Thereafter, Defendants A&N Patel would be fully responsible for the management of the Hotel.

### The First Phase of the Agreement - Partnership

11. In early September of 2008, the Plaintiffs traveled to Durant, OK from their home in Arlington, TX and met with all of the Defendants at A&N Patel's home to execute the first phase of the Agreement for the purchase of the Hotel. At this meeting, the Plaintiffs paid $250,000 in cash to R&M Patel and Durant/Hospitality. Defendants A&N Patel also paid $250,000 in cash to R&M Patel and Durant/Hospitality, for the $500,000.00 down payment.

12. Thereafter, the Plaintiffs contributed another $50,000.00 to R&M Patel and Durant/Hospitality for remodeling costs, for a total contribution of $300,000.00.

13. After the meeting concluded, the Parties traveled to First United Bank and Trust Company of Durant, OK, where they opened a joint bank account, where all the Parties were signatories (See, signature card attached hereto as Exhibit A, hereafter the "Partnership Account,"). Thereafter, all business for the Hotel was transacted through the Partnership Account, until the second phase of the Agreement was finalized. All statements for the Partnership Account were sent to the address for Defendants R&M Patel and Durant/Hospitality.

14. As part of the Partnership phase of the Agreement, Durant hospitality was to be paid a management fee of $12,166.67 per month in equal monthly installments (See e.g., samples of monthly transfers attached hereto as Exhibit B). At the end of the Partnership phase, profits from the Hotel were to be distributed to SAI.

15. During the Partnership phase of the Agreement, R&M Patel and Durant/Hospitality were to provide primary responsibility for managing the Hotel. This was the reason for paying them the monthly management fee—Defendants were to manage the Hotel. As such, they had a fiduciary

4

duty to manage the Partnership in good faith—both as managers and as their status as a general partners—for the benefit of all the Partners of the Partnership.

16. However, R&M Patel and Durant/Hospitality failed to properly monitor the Hotel and the Partnership Account. They spent tens of thousands of dollars on unauthorized and unexplained expenditures (See, e.g., copies of loan repayment checks, attached hereto as Exhibit C). They also allowed Defendants A&N Patel to remove over $40,000 from the Account in the form of cash withdrawals. (see, copies of checks attached hereto as Exhibit D).

17. In addition to the actions noted above, a restaurant by the name of "El Tapatio Authentic Mexican Restaurant" was located on the Hotel premises (hereafter the "Restaurant"). Under an existing lease agreement, the Restaurant paid $5,000.00 per month to the Hotel for rent ("Lease Agreement" and "Restaurant Rent," respectively). Under the terms of the Agreement, the Restaurant Rent was to be paid to the Hotel and deposited into the Partnership Account.

18. However, the Defendants diverted the Restaurant Rent payments and kept the proceeds for themselves.

19. After the Partnership phase of the Agreement concluded, a check for $30,000 was paid to the SAI bank account on May 14, 2010, representing the profits from the Partnership (see, copy of unnumbered check attached hereto as Exhibit D). However, at this same time, Defendant N. Patel removed $21,071.61 from the Partnership Account in an unnumbered check made out to herself. (See, unnumbered check attached hereto as Exhibit E). As managers of the Partnership, the other Defendants knew—or should have known—of N. Patel's improper actions.

### The Second Phase of the Agreement - SAI

20. During the second phase of the Agreement, the Hotel was to be owned and managed by SAI, LLC, a limited liability company formed jointly by the Plaintiffs and A&N Patel for the

5

ownership and management of the Hotel (hereafter "SAI"). The Plaintiffs and A&N Patel created SAI on March 2, 2009. On September 16, 2009, the Plaintiffs and A&M Patel executed an Operating Agreement for the governance of SAI. (See, Operating Agreement attached as Exhibit F to the First Amended Complaint and incorporated herein by reference, hereafter the "Operating Agreement"). Pursuant to their Agreement, the Plaintiffs were to retain 49% of the ownership of SAI, and A&N Patel were to own 51% of SAI.

21.     Plaintiffs and Defendants created another bank account with First United Bank and Trust Company of Durant, OK, owned by SAI (hereafter the "SAI Account"). On May 14, 2010, the $30,000 profit payment was transferred into the SAI Account. The $21,071.61 removed by N. Patel was never placed in the SAI Account.

22.     Pursuant to the Operating Agreement, A&N Patel were appointed as the managers of SAI. As such, they had a fiduciary duty to manage SAI in good faith, for the benefit of the members of the company, as a whole. (*See*, Article 3 and, Sections 3.01 and 3.04 of the Operating Agreement).

23.     Instead of complying with their duty, A&N Patel and the other Defendants conspired together to embezzle funds from SAI and jeopardize SAI's financial standing in order to defraud the Plaintiffs out of their money and their ownership interest in the Hotel. In essence, the Defendants, collectively, treated the Partnership Account and the SAI Account as their own personal bank accounts, giving money to themselves, their own personal creditors, their friends and family members.

24.     All of the Defendants together committed fraudulent acts and/or breaches of duty in their mismanagement of the Hotel, including:

      a. Diverting Hotel funds to their own personal bank accounts,

      b. Paying their own personal expenses with Hotel funds,

      c. Giving Hotel money away to friends, family and other associates,

      d. Diverting Hotel supplies and resources for use in other businesses owned by the Defendants,

      e. Diverting the Restaurant Rent payments,

      f. Using the Hotel and its resources to pay for the expenses and supplies of other, unrelated businesses, and

      g. Failing to pay for the Hotel's franchise fee with Days Inn Hotels and thereby losing the Days Inn franchise label. This fact was particularly damaging to the Hotel's business.

25. These actions by the Defendants ultimately contributed to the financial demise of the Hotel which allowed the Defendants to regain ownership of the Hotel under the guise of a foreclosure action. All Defendants agreed together and participated in a common scheme and misdeeds during the time period.

26. In their communications, the Defendants made numerous false representations of material fact that they knew were false. As such, Defendants regularly communicated to the Plaintiffs that there was a shortage of money, and the Hotel was not in good financial condition. But the truth was that there was plenty of cash being generated by the Hotel. The Hotel was short of cash because of the Defendants' improper actions. The situation became so financially dire that the Hotel could no longer pay its bills and eventually lost its Days Inn franchise.

27. Ultimately, the Defendants used a mortgage foreclosure action to improperly obtain the Plaintiffs ownership interest in the Hotel.

28. At the present time, the Hotel is being marketed as the "Magnolia Hotel" in Durant, OK. It is again owned by R&M Patel and Durant/Hospitality. It is being managed by A&K Patel, under the name ANK, with the full support, assistance and approval of the other Defendants.

29. In essence, Defendants R&M Patel and Durant/Hospitality regained their ownership interest in the Hotel, and Defendants A&N Patel are again managing the Hotel. The only difference is that the Defendants have taken the Plaintiffs' money and their interest in the Hotel. All of the Defendants are in the same position they were, other than they have been enriched by taking the Plaintiffs' money and property.

30. Defendants made many material misrepresentations regarding the financial condition of the Hotel with the intent to induce the Plaintiffs to rely upon their misrepresentations. And in fact, the Plaintiffs did rely upon the Defendants' misrepresentations and believed their false statements. Specifically, the Defendants communicated false information in the following instances:

   a. In May of 2011, Defendant Arvindbhai C. Patel called Plaintiff Ashvinkumar Patel to tell him that the internet had been damaged by some customers, which was false. The problem with the internet was not caused by customers, but was caused by the Defendants, and the problems persisted for over 18 months, which resulted in lost business revenue for the Hotel. These false statements were made in furtherance of the Defendants' fraudulent scheme.

   b. In August 2011, Plaintiff A. Patel called Defendant N. Patel to ask about an $887 purchase which was made to a local Walmart. Plaintiff questioned the purchase and asked Defendant to produce the receipt for the purchase. The Defendant responded that the purchase was business related, but stated that they do not keep receipts. Defendant stated that if Plaintiff wanted to get a receipt he

would have to go to the Walmart to get it. All of these statements made by Defendant were false and were made in furtherance of the Defendants' fraudulent scheme.

c. In May of 2012, Plaintiff A. Patel called Defendant N. Patel to discuss the payment of the franchise fee to Days Inn. The Defendant stated that they were not receiving reservations from Days Inn, and for that reason, they were not going to pay the franchise fee. These statements were false. The truth is that the Defendants had damaged the Hotel's internet service. Plus, the Defendants were embezzling money from the Hotel. These actions prevented the Hotel from being able to pay for its Days Inn franchise, and the Hotel ultimately lost its franchise which further damaged its income and business operations.

d. In June of 2013, Defendant R. Patel called Plaintiff A. Patel to invite him to Durant, OK to discuss the problems with the Hotel and the Days Inn franchise fee. Plaintiffs attended the meeting with all the Defendants in Durant in which the problems were discussed. The Defendants falsely blamed the problems with the Hotel on many things, but never admitted their own, intentional actions and misdeeds. Further, the Defendants never provided documentation, bank statements or financial records to the Plaintiffs in order for them to discover the true condition of the Hotel or the Defendants' actions.

e. In March of 2013, Plaintiff A. Patel called Defendant N. Patel to discuss the Hotel's cash situation. The Defendant told Plaintiff that there was no cash in the account because she was too busy to make cash deposits. These statements were false in that the reason the Hotel was having cash shortages was because the

Defendants were embezzling Hotel cash and were transferring it into their own personal accounts, or, the Defendants were paying their own expenses from the Hotel account.

### **FIRST CLAIM FROM RELIEF**
### **(CIVIL CONSPIRACY)**

31. The allegations of paragraphs 1 through 30 are incorporated herein by reference.

32. By their actions as described herein, the Defendants agreed and conspired together to wrongfully and willfully defraud the Plaintiffs. Their actions thereby constitute a civil conspiracy to defraud.

33. From the Defendants' civil conspiracy, they have damaged the Plaintiffs' property and money as follows:

   a. The return of their contribution to the Defendants for purchase of the Hotel,

   b. The loss of the Plaintiffs' interest in the Hotel,

   c. The loss of their interest in all profits from the Hotel,

   d. The loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all profits from the Restaurant Rent,

34. WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their civil conspiracy as follows:

   a. The return of their contribution to the Defendants for purchase of the Hotel,

   b. The loss of the Plaintiffs' interest in the Hotel,

   c. The loss of their interest in all profits from the Hotel,

   d. The loss of the Plaintiffs' interest in the Restaurant Rent,

   e. The loss of their interest in all profits from the Restaurant Rent,

   a. Punitive damages,

    b. All costs and fees, including court costs, interest and attorneys fees, and

    c. All other matters and items to which the Plaintiffs may be entitled.

## SECOND CLAIM FROM RELIEF
### (FRAUD)

35. The allegations of paragraphs 1 through 34 are incorporated herein by reference.

36. By their actions as described herein, the Defendants have defrauded the Plaintiffs as follows:

    a. The loss of their contribution to the Defendants for purchase of the Hotel,

    b. The loss of the Plaintiffs' interest in the Hotel,

    c. The loss of their interest in all profits from the Hotel,

    d. The loss of the Plaintiffs' interest in the Restaurant Rent,

    e. The loss of their interest in all profits from the Restaurant Rent,

37. WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their fraud as follows:

    a. The return of their contribution to the Defendants for purchase of the Hotel,

    b. The loss of the Plaintiffs' interest in the Hotel,

    c. The loss of their interest in all profits from the Hotel,

    d. The loss of the Plaintiffs' interest in the Restaurant Rent,

    e. The loss of their interest in all profits from the Restaurant Rent,

    f. Punitive damages,

    g. All costs and fees, including court costs, interest and attorneys fees, and

    h. All other matters and items to which the Plaintiffs may be entitled.

## THIRD CLAIM FROM RELIEF
### (CONVERSION)

38.     The allegations of paragraphs 1 through 37 are incorporated herein by reference.

39.     By their actions as described herein, the Defendants have wrongfully and willfully converted the Plaintiffs' property and money as follows:

    a. The loss of their contribution to the Defendants for purchase of the Hotel,

    b. The loss of the Plaintiffs' interest in the Hotel,

    c. The loss of their interest in all profits from the Hotel,

    d. The loss of the Plaintiffs' interest in the Restaurant Rent,

    e. The loss of their interest in all profits from the Restaurant Rent,

40.     WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their conversion as follows:

    a. The return of their contribution to the Defendants for purchase of the Hotel,

    b. The loss of the Plaintiffs' interest in the Hotel,

    c. The loss of their interest in all profits from the Hotel,

    d. The loss of the Plaintiffs' interest in the Restaurant Rent,

    e. The loss of their interest in all profits from the Restaurant Rent,

    f. Punitive damages,

    g. All costs and fees, including court costs, interest and attorneys fees, and

    h. All other matters and items to which the Plaintiffs may be entitled.

### FOURTH CLAIM FROM RELIEF
### (BREACH OF FIDUCIARY DUTY)

41.     The allegations of paragraphs 1 through 40 are incorporated herein by reference.

42.     As the managers of the Partnership and SAI, the Defendants collectively owed a fiduciary duty to the Plaintiffs.

43. By their actions as described herein, the Defendants wrongfully and willfully breached their fiduciary duty to the Plaintiffs and damaged the Plaintiffs' property and money as follows:

    a. The loss of their contribution to the Defendants for purchase of the Hotel,

    b. The loss of the Plaintiffs' interest in the Hotel,

    c. The loss of their interest in all profits from the Hotel,

    d. The loss of the Plaintiffs' interest in the Restaurant Rent,

    e. The loss of their interest in all profits from the Restaurant Rent,

44. WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their conversion as follows:

    a. The return of their contribution to the Defendants for purchase of the Hotel,

    b. The loss of the Plaintiffs' interest in the Hotel,

    c. The loss of their interest in all profits from the Hotel,

    d. The loss of the Plaintiffs' interest in the Restaurant Rent,

    e. The loss of their interest in all profits from the Restaurant Rent,

    a. Punitive damages,

    b. All costs and fees, including court costs, interest and attorneys fees, and

    c. All other matters and items to which the Plaintiffs may be entitled.

### FIFTH CLAIM FROM RELIEF
### (BREACH OF CONTRACT)

45. The allegations of paragraphs 1 through 44 are incorporated herein by reference.

46. By their actions as described herein, the Defendants have wrongfully and willfully breached the Real Estate Purchase Agreement and the Operating Agreement for SAI. Due to their breach of contract, the Defendants have damaged the Plaintiffs' property and money as follows:

    a. The loss of their contribution to the Defendants for purchase of the Hotel,

    b. The loss of the Plaintiffs' interest in the Hotel,

    c. The loss of their interest in all profits from the Hotel,

    d. The loss of the Plaintiffs' interest in the Restaurant Rent,

    e. The loss of their interest in all profits from the Restaurant Rent,

47. WHEREFORE, Plaintiffs request that this Court enter judgment against the Defendants for their breach of contract as follows:

    a. The return of their contribution to the Defendants for purchase of the Hotel,

    b. The loss of the Plaintiffs' interest in the Hotel,

    c. The loss of their interest in all profits from the Hotel,

    d. The loss of the Plaintiffs' interest in the Restaurant Rent,

    e. The loss of their interest in all profits from the Restaurant Rent,

    a. Punitive damages,

    b. All costs and fees, including court costs, interest and attorneys fees, and

    c. All other matters and items to which the Plaintiffs may be entitled.

### SIXTH CLAIM FROM RELIEF
### (ACCOUNTING)

48. The allegations of paragraphs 1 through 47 are incorporated herein by reference.

49. As noted herein, the Defendants have wrongfully and willfully converted the Plaintiffs' assets.

50. The Defendants concealed their nefarious behavior from the Plaintiffs during the entire Time Period. As such, the Plaintiffs, still to this day, do not know the full extent of the Defendants' actions.

51. The Plaintiffs seek an Order from this Court compelling the Defendants to render a full and complete accounting for the entire Time Period for all activities of SAI, ANK, the Hotel and the Restaurant, including but not limited to, an accounting of all activities, revenue, expenditures, income, assets, liabilities, etc.

## **SIXTH CLAIM FROM RELIEF**
**(PUNITIVE DAMAGES)**

52. The allegations of paragraphs 1 through 51 are incorporated herein by reference.

53. As noted herein, the Defendants wrongfully and willfully converted the Plaintiffs' assets with reckless disregard for the rights of the Plaintiffs.

54. Also as noted herein, the Defendants wrongfully and willfully converted the Plaintiffs' assets with intentionally and with malice towards the Plaintiffs.

55. The Plaintiffs seek an award of punitive damages from the Defendants in any amount a jury deems appropriate, without regard to limitation.

WHEREFORE, the Plaintiffs herein request damages under the following:

(1.) All damages and remedies for the Defendants' Civil Conspiracy,
(2.) All damages and remedies for the Defendants' Fraud,
(3.) All damages and remedies for the Defendants' Conversion
(4.) All damages and remedies for the Defendants' Breach of fiduciary duty,
(5.) All damages and remedies for the Defendants' Breach of contract,
(6.) An Order from this Court compelling the Defendants to render a full and complete accounting for the entire Time Period for all activities of SAI, ANK, the Hotel and the Restaurant, including but not limited to, an accounting of all activities, revenue, expenditures, income, assets, liabilities, etc.,
(7.) An award of punitive damages against the Defendants in any amount a jury deems appropriate, without regard to limitation,
(8.) All costs and fees, including court costs, interest and attorneys fees, and
(9.) All other matters and items to which the Plaintiffs may be entitled.

Respectfully submitted,

/s/ Jon McLanahan
Jon McLanahan, OBA No. 12777
McLANAHAN LAW FIRM, PLLC
P.O. Box 31925
Edmond, Oklahoma 73003
Telephone: (405) 217-0064
Facsimile: (405) 341-7006
ATTORNEYS FOR PLAINTIFF
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

**CERTIFICATE OF MAILING**

The undersigned certifies, that on the 19th day of July 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Thomas Wright
tom@wswlaw.com

Heather Hillburn Burrage
hburrage@burragelaw.com

David Burrage
Davidburrage@burragelaw.com

/s/ Jon McLanahan
JON McLANAHAN