# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

ASHVINKUMAR PATEL, and )
KAMUBEN PATEL, )
                              )
        **Plaintiffs,** )
                              )
               v. )    Case No. CIV-16-415-SPS
                              )
ARVINDBHAI C. PATEL; )
NAYANABEN PATEL; SAI, LLC; )
ANK, LLC; RAJENDRA K. PATEL; )
MINA PATEL; DURANT )
HOSPITALITY, INC.; and PREMIER )
HOSPITALITY MANAGEMENT, INC., )
                              )
        **Defendants.** )

## OPINION AND ORDER

This matter comes before the Court on motion by Defendants Rajendra K. Patel; Mina Patel; Durant Hospitality, Inc.; and Premier Hospitality Management, Inc., for dismissal of the Plaintiff's Second Amended Complaint for failure to state a claim. For the reasons set forth below, the Court finds that the Defendants, Rajendra K. Patel, Mina Patel, Durant Hospitality, Inc., and Premier Hospitality Management, Inc.'s, Motion to Dismiss Plaintiffs' Second Amended Complaint for Failure to State a Claim and Brief in Support [Docket No. 76] should be hereby GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This case arises out of a dispute regarding the purchase and operation of a hotel in Durant, Oklahoma, formerly the Durant Days Inn Hotel, now the Magnolia Hotel

("Hotel"). The Plaintiffs allege in their Second Amended Complaint that they, along with co-Defendants Arvindbhai and Nayanaben Patel (who are not joined in the present Motion to Dismiss), formed SAI, LLC, together to purchase the Hotel from Defendants Rajendra and Mina Patel and their companies, Durant Hospitality, Inc. and Premier Hospitality Management, Inc. Co-Defendants Arvindbhai and Nayanaben Patel were named the Managers of SAI, and Plaintiffs allege that Arvindbhai and Nayanaben Patel, along with Rajendra and Mina Patel and the other Defendants, conspired to embezzle money and defraud the Plaintiffs out of their interests in the Hotel, as well as diverting funds from a restaurant lease that was operating on the Hotel property. The Plaintiffs allege that the Hotel generated sufficient money, but that the Defendants' mismanagement led to the eventual loss of the Hotel's franchise with Days Inn, a mortgage foreclosure action, and the loss of their ownership interests.

The Plaintiffs filed their original Complaint on October 3, 2016, but were granted leave to amend and did so on November 3, 2017 with the Filing of their First Amended Complaint. *See* Docket Nos. 2, 52-53, 57. The above-named Defendants moved to Dismiss the Complaint, and this Court granted the motion on July 6, 2018, allowing the Plaintiffs fourteen days to amend their Complaint. *See* Docket Nos. 58, 73. Plaintiffs then timely filed a Second Amended Complaint, which sets out the following enumerated causes of action: (I) civil conspiracy, (II) fraud, (III) conversion, and (IV) breach of fiduciary duty, and (V) breach of contract, as well as an enumerated claim for (VI) an accounting. *See* Docket No. 74. The Defendants have now moved to dismiss the Second Amended Complaint. *See* Docket No. 76.

# ANALYSIS

As this Court has previously stated, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement

to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**Fraud.** Under Fed. R. Civ. P. 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In this case, the Plaintiffs have alleged, *inter alia*, that "Defendants acted in concert with each other in order to further their scheme to defraud the Plaintiffs." Docket No. 74, p. 3, ¶ 7. Additionally, they allege that Rajendra and Mina Patel, Durant Hospitality, and Premier Hospitality Management had the primary responsibility for managing the hotel which created a fiduciary duty to manage the partnership in good faith, but that they failed to properly monitor the Hotel and partnership bank account, spending "tens of thousands of dollars on unauthorized and unexplained expenditures," and allowing "Defendants [Arvindbhai and Nayanaben Patel] to remove over $40,000 from the Account in the form of cash withdrawals." Docket No. 74, p. 5, ¶¶ 15-16. They further assert that "Defendants diverted the Restaurant Rent payments [$5,000 per month] and kept the proceeds for themselves." *Id.*, p. 5, ¶ 18. Finally, Plaintiffs allege that all Defendants knew or should have known that Nayanaben Patel removed $21,071.61 from the Partnership bank account in a check made out to herself. *Id.*, p. 5, ¶ 19. Plaintiffs then assert that:

> All of the Defendants together committed fraudulent acts and/or breaches of duty in their mismanagement of the Hotel, including:
> a. Diverting Hotel funds to their own personal bank accounts,
> b. Paying their own personal expenses with Hotel funds,
> c. Giving Hotel money away to friends, family and other associates,
> d. Diverting Hotel supplies and resources for use in other businesses owned by the Defendants,

> e. Diverting the Restaurant Rent payments,
> f. Using the Hotel and its resources to pay for the expenses and supplies of other, unrelated businesses, and Failing to pay for the Hotel's franchise fee with Days Inn Hotels and thereby losing the Days Inn franchise label. This fact was particularly damaging to the Hotel's business.

Docket No. 74, pp. 6-7, ¶ 24. Plaintiffs continue, asserting that

> All Defendants agreed together and participated in a common scheme and misdeeds during the time period. . . . In their communications, the Defendants made numerous false representations of material fact that they knew were false. As such, Defendants regularly communicated to the Plaintiffs that there was a shortage of money, and the Hotel was not in good financial condition.

Docket No. 74, p. 7, ¶¶ 25-26. In identifying specific material misrepresentations as to these Defendants, the Plaintiffs assert that Defendant Rajendra Patel called Plaintiff Ashvinkumar Patel to invite him to discuss the problems with the hotel, that the Plaintiffs attended the meeting, and that "Defendants falsely blamed the problems with the Hotel on many things, but never admitted their own, intentional actions and misdeeds." *Id.*, p. 9, ¶ 30(d).

As this Court stated in its previous Order, *see* Docket No. 73, in the Tenth Circuit, a Complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), *quoting Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991). *See also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). The purpose of this

requirement is to provide the Defendants with "fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Id.* at 1236-1237 (citations omitted). In their Second Amended Complaint, the Plaintiffs have again made no specific allegations with regard to the Defendants who have filed the present motion to dismiss (those Defendants are Rajendra K. Patel; Mina Patel; Durant Hospitality, Inc.; and Premier Hospitality Management, Inc.), other than to state in the recitation of facts that Defendant Rajendra Patel invited him to Durant to discuss the problems with the hotel and the franchise fee. The Complaint alleges a number of fraudulent actions, but does not sufficiently "set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof," *Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991), so as to withstand dismissal. *See also Koch*, 203 F.3d at 1237 ("Finally, paragraph twenty-two failed to identify any specific Defendant who make these alleged fraudulent misrepresentations or omissions, a particularly important requirement in this case because of the number of individual defendants involved.").

Additionally, "[u]nder the Supreme Court's plausibility standard, the plaintiffs were required to plead sufficient facts to create a reasonable inference of reliance." *Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1261 (W.D. Okla. 2012), *citing Iqbal*, 556 U.S. at 678, *and Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) ("[A] complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.") (quotation omitted). But their assertion that they "did rely upon the Defendants'

misrepresentations and believed their false statements," Docket No. 74, p. 8, ¶ 30, is insufficient. As such, the Court finds that, as in *Hitch*, "[t]he plaintiff['s] allegation of reliance is conclusory and lacking factual specificity. Allegations are not entitled to be assumed to be true when they merely restate the essential elements of a claim rather than provide specific facts to support those elements." *Hitch*, 859 F. Supp. 2d at 1261. *See also Chieftain Royalty Co. v. Dominion Oklahoma Texas Exploration & Prod., Inc.*, 2011 WL 9527717, at *4 ("Plaintiffs have failed to allege that they relied to their detriment on the alleged false and misleading monthly statements sent by DOTEPI, *and any facts showing that that was the case*.") (emphasis added). Accordingly, Count II (Fraud) is dismissed.

**Civil Conspiracy.** Because the Plaintiffs' civil conspiracy claim is based on the allegation that the Defendants agreed and conspired together to wrongfully and willfully defraud them, the Court concludes that the Plaintiffs have again failed to allege sufficient detail with regard to the civil conspiracy claim. *See Energy Fluids, Inc. v. Cimarex Energy Co.*, 2008 WL 2404226, at *1 (W.D. Okla. June 10, 2008) ("[T]he more stringent pleading standard found in Rule 9(b) applies to the conspiracy allegations as well as to the underlying fraud allegations. . . . Absent such a requirement, a party could evade the protections of Rule 9(b), at least in multi-actor cases, by simply adding or substituting the conspiracy claim for what would otherwise be a fraud claim within the rule."). *See also Unified Container, LLC v. Mazuma Capital Corp.*, 280 F.R.D. 632, 636 (D. Utah 2012) ("[W]here the unlawful act underlying the civil conspiracy is a fraud-based tort, both the underlying tort and the conspiracy claim must be pleaded with particularity.").

**Conversion.** As to the Plaintiffs' conversion claim, the Plaintiffs have alleged, *inter alia*, that all the "Defendants diverted the Restaurant Rent payments and kept the proceeds for themselves," "Divert[ed] Hotel funds to their own personal bank accounts," paid "their own personal expenses with Hotel funds," and diverted "Hotel supplies and resources for use in other businesses owned by the Defendants." Docket No. 74, pp. 5-7, ¶¶ 18, 23-24. Additionally, the Plaintiffs allege that co-Defendant Nayanaben Patel removed money from the Partnership Account and never returned money to that account or the newly-created SAI Account, and that the other Defendants knew or should have known of her actions, and that all of the Defendants treated both the Partnership and SAI Accounts "as their own personal bank accounts, giving money to themselves, their own personal creditors, their friends and family members." *Id.*, pp. 5-6, ¶¶ 17-23.

"Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Steenbergen v. First Federal Savings and Loan of Chickasha*, 1987 OK 122 ¶ 9, 753 P.2d 1330, 1332. Moreover, "[a] partner who uses firm property or funds for his own advantage without the consent of the other partners is guilty of a misappropriation." *S & G Placer Min. Ltd. Partnership v. Goldsmith*, 953 F.2d 1392, 1992 WL 14937, at *1 (unpublished table opinion), *quoting* 68 C.J.S. Partnership § 88 at 528. *See also N. Rogers & Sons v. Batchelor*, 37 U.S. 221, 230 (1838) ("One man ought not to be permitted to dispose of the property, or to bind the rights of another, unless the latter has authorized the act. In the case of a partner paying his own separate debt out of the partnership funds, it is manifest that it is a violation of his duty and

of the right of his partners, unless they have assented to it. The act is an illegal conversion of the funds[.]").

"The key inquiry in evaluating the viability of a complaint under Rule 8(a)(2) is whether each defendant knows why he or she was named in the complaint." *Ferguson v. Board of County Commissioners of Sierra County*, 2013 WL 12334214, at *5 (D. N.M. April 2, 2013) ("Because I believe that Defendants have fair notice of the claims against them, and because discovery will further reveal precisely which of the named Defendants participated in the specific actions, I deny Defendants' motion to dismiss on this ground."). However, "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context[.]" *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). Although perhaps not a model of pleading, the Court finds that the Second Amended Complaint sufficiently sets forth the claim of conversion against these Defendants to survive the pleading stage. *See Briggs v. Johnson*, 274 Fed. Appx. 730, 736 (10th Cir. 2008) ("[A]lthough Briggs's complaint contains multiple claims against multiple defendants, there is no confusion as to whom the allegation is asserted against."). *See also In re Riddell Concussion Reduction Litigation*, 77 F. Supp. 3d 422, 432 (D. N.J. 2015) (Finding "it is apparent that Plaintiffs assert their claims against all Defendants for their concerted conduct," and distinguishing from "civil rights claims which require identification of each defendant's individual role to adequately defend and determine liability."), *citing, inter alia*, *Robbins*, 519 F.3d at 1246, 1249 ("[C]omplaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex

claims against multiple defendants. The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity 'at the earliest possible stage of a litigation.'"), *quoting Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

**Breach of Fiduciary Duty.** "Fiduciary relationships are not limited to any specific legal relationship, but can arise anytime the facts and circumstances surrounding a relationship would allow a reasonably prudent person to repose confidence in another person." *Quinlan v. Koch Oil Co.*, 25 F.3d 936 (10th Cir. 1994), *quoting Devery Implement Co. v. J.I. Case Co*, 944 F.2d 724, 730 (10th Cir. 1991). The four elements of a breach of fiduciary duty claim are: "(1) the existence of a fiduciary relationship, (2) a duty arising out of the fiduciary relationship, (3) a breach of the duty, and (4) damages proximately caused by the breach of duty." *F.D.I.C. v. Grant*, 8 F. Supp. 2d 1275, 1299 (N.D. Okla. 1998). As to the breach of fiduciary claim, the Plaintiffs have alleged in the Second Amended Complaint that these four Defendants (Rajendra and Mina Patel, Durant Hospitality, and Premier Hospitality Management) owed them a fiduciary duty because they had the primary responsibility of managing the Hotel and the Partnership in good faith, but that they failed to properly monitor the Hotel and the Partnership Bank Account. Docket No. 74, pp. 4-5, ¶¶ 15-16. They further allege that they were damaged by the loss of their contribution for the purchase of the Hotel, the loss of their interest in and profits from in the Hotel, and the loss of their interest in and profits from the Restaurant Rent. *Id.*, p. 13, ¶ 43. The Court thus finds that the Plaintiff has stated a claim for breach of fiduciary duty, and the Defendants' Motion to Dismiss is DENIED as to this claim.

**Breach of Contract.** The Plaintiff's Second Amended Complaint alleges that all Defendants "wrongfully and willfully breached the Real Estate Purchase Agreement and the Operating Agreement for SAI." Docket No. 74, p. 13, ¶ 46. The Court again takes notice that none of the four Defendants who filed this motion – Rajendra Patel, Mina Patel, Durant Hospitality, and Premier Hospitality Management – were parties to the Operating Agreement. See Docket No. 57, Ex. 6.[1] As to the Real Estate Purchase Agreement, it was only signed by Defendant Rajendra Patel on behalf of Defendant Durant Hospitality, Inc., as the seller to buyer SAI, LLC. Other than the existence of the contract, however, *see* Docket No. 57, p. 3, ¶ 8 & Ex. 2 and the conclusory allegation that the Real Estate Purchase Agreement and SAI's Operating Agreement were breached by "the Defendants," *see id.*, p. 13, ¶ 43, the Plaintiffs have alleged no facts related to *these* Defendants' alleged breach of the *Real Estate Contract*. Plaintiffs attempt to assert that they have pled additional facts to state a claim for breach of a *Partnership Agreement*. "The touchstone of Rule 8's notice pleading regime is fair notice." *FDIC v. Grant*, 8 F. Supp. 2d at 1287, *citing Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1386 (10th Cir. 1980). Here, the Plaintiffs assert for the first time in their response brief that liability is based on this Partnership Agreement, where such a claim was not asserted in the Second Amended Complaint. This is insufficient to establish a claim for relief, and the Court will not

---

[1] These documents were attached to the Plaintiffs' First Amended Complaint, which the Plaintiffs have incorporated by reference in their Second Amended Complaint. *See* Docket No. 74, p. 3, ¶ 9. "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal citations omitted).

substitute it here. *See, e. g.*, *Roeder v. Normandy Apartments Holdings, LLC*, 2015 WL 5673127, at *2 ("[T]he Court finds the Petition failed to provide Defendants with fair notice of his theory of liability based on the exterior door. The Petition relies on a theory based solely on the threshold lip, and Plaintiff gave no hint of the 'exterior door' theory until long after the deadline to amend pleadings had passed."). Accordingly, the Plaintiffs' Count V (Breach of Contract) is hereby dismissed as to these Defendants.

**Accounting and Punitive Damages.** The Plaintiffs set forth Count VI (Accounting) and Count VII (Punitive Damages) as separately enumerated claims, but these claims for relief necessarily flow out of the base claim of conversion. As such, the Court finds that separately identifying these requests for relief do not merit dismissal at this stage of the proceedings as it is premature. *See, e. g.*, *Hitch*, 859 F. Supp. 2d at 1258-1259 ("Because certain theories of recovery survive the defendants' instant request for dismissal – theories for which equitable remedies are also available – and because the Court cannot determine at this stage whether these equitable remedies are 'necessary to afford the parties complete relief,' the Court finds that the defendants are not entitled at this juncture to dismissal of the plaintiffs' 'claim' for accounting[.]"), *citing Fleet v. Sanguine, Ltd.*, 1993 OK 76, ¶ 19, 854 P.2d 892, 902. As such, the Defendants' motion to dismiss is denied as to Counts V (Accounting) and VI (Punitive Damages).

**Statute of Limitations.** The Court further notes that the Defendants have asserted that Plaintiffs' claims are time-barred. Defendants bear the burden of proof in this. *Moneypenney v. Dawson*, 2006 OK 53, ¶ 2, 141 P.3d 549, 551. Oklahoma laws sets forth the relevant statutes of limitation at 12 Okla. Stat. § 95, and "[w]hether a claim is barred

by § 95[] is a question of fact to be determined from the evidence in each case." *In re John Deere 4030 Tractor*, 1991 OK 79, ¶ 8, 816 P.2d 1126. As such, the Court finds that these arguments are better addressed in an appropriate motion for summary judgment. *See, e. g.*, *Horton v. Hamilton*, 2015 OK 6, ¶¶ 21-23, 345 P.3d 357, 364-365; *Tillman v. Shofner*, 2004 OK CIV APP 40, ¶ 2, 90 P.3d 582, 583.

In sum, the Defendants' Motion to Dismiss is GRANTED IN PART as to Count I (Civil Conspiracy), Count II (Fraud), and Count V (Breach of Contract), and DENIED IN PART as to Count III (Conversion), Count IV (Breach of Fiduciary Duty, Count V (Accounting), and Count VI (Punitive Damages). The Court further finds that the Plaintiffs have received sufficient opportunities to state plausible claims for relief, and no further amendments are warranted.

## CONCLUSION

Consequently, IT IS ORDERED that the Defendants, Rajendra K. Patel, Mina Patel, Durant Hospitality, Inc., and Premier Hospitality Management, Inc.'s, Motion to Dismiss Plaintiffs' Second Amended Complaint for Failure to State a Claim and Brief in Support [Docket No. 76] is hereby GRANTED IN PART and DENIED IN PART. It is hereby GRANTED as to Count I (Civil Conspiracy), Count II (Fraud), and Count V (Breach of Contract), and DENIED as to Count III (Conversion), Count IV (Breach of Fiduciary Duty, Count V (Accounting), and Count VI (Punitive Damages).

**DATED** this 9th day of November, 2018.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma